# BERNARDS TOWNSHIP *v.* MORRISON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 195.   Argued January 30, 31, 1890.—Decided March 3, 1890.

1 the questions presented and argued in this case have been often considered and decided by this court, and the court adheres to the decisions in

*Montclair* v. *Ramsdell*, 107 U. S. 147; *Bernards Township* v. *Stebbins*, 109 U. S. 341; and *New Providence* v. *Halsey*, 117 U. S. 336.

*Cotton* v. *New Providence*, 47 N. J. Law, 401; and *Mutual Benefit Life Co.* v. *Elizabeth*, 42 N. J. Law, 235; approved.

The organization of townships and the number, character, and duties of their various officers are matters of legislative control.

Officers duly appointed under statute authority represent a municipality as fully as officers elected.

When the legislature has declared how an officer is to be selected, and the officer is selected in accordance with that declaration, his acts, within the scope of the powers given him by the legislature, bind the municipality.

IN CONTRACT, to recover on bonds issued by a municipal corporation. Judgment for the plaintiff, to review which this writ of error was sued out. The case is stated in the opinion.

*Mr. Alvah H. Clark* and *Mr. James R. English* for plaintiffs in error.

*Mr. Cortlandt Parker* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

This is an action on township bonds. Judgment was rendered against the township, and it alleges error. The bonds were issued under an act approved April 9, 1868, and found in the session laws of New Jersey for that year, pages 915, etc. Outside of the obligatory words, this was the form of the bond:

"This bond is one of a series of like tenor, amounting in the whole to the sum of one hundred and twenty-seven thousand dollars, issued on the faith and credit of said township in pursuance of an act entitled ' an act to authorize certain towns in the counties of Somerset, Morris, Essex and Union to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company,' approved April 9, 1868.

"In testimony whereof, the undersigned, commissioners of the said township of Bernards, in the county of Somerset, to carry into effect the purposes and provisions of the said act, duly appointed, commissioned and sworn, have hereunto set

our hands and seals the first day of January, in the year of our Lord one thousand eight hundred and sixty-nine.

> "John H. Anderson, [l. s.]
> "John Guerin, [l. s.]
> "Oliver R. Steele, [l. s.]
> "*Commissioners.*

"Registered in the county clerk's office.

> "William Ross, Jr.
> "*County Clerk.*"

The first section of the act provides that, upon the application in writing of twelve or more resident freeholders, the Circuit Court of the county shall appoint three resident freeholders to be commissioners.

Section two reads as follows:

"That it shall be lawful for said commissioners to borrow, on the faith and credit of their respective townships, such sums of money not exceeding ten per centum of the valuation of the real estate and landed property of such township, to be ascertained by the assessment rolls thereof respectively for the year eighteen hundred and sixty-seven, for a term not exceeding twenty-five years, at a rate of interest not exceeding seven per centum per annum, payable semi-annually, and to execute bonds therefor under their hands and seals respectively; the bonds so to be executed may be in such sums and payable at such times and places as the said commissioners and their successors may deem expedient; but no such debt shall be contracted or bonds issued by said commissioners of or for either of said townships, until the written consent shall have been obtained of the majority of the taxpayers of such township, or their legal representatives appearing upon the last assessment roll as shall represent a majority of the landed property of such township (including lands owned by non-residents) appearing upon the last assessment roll of such township; such consent shall state the amount of money authorized to be raised in such township, and that the same is to be invested in the stock of the said railroad company, and the signatures shall be proved by one or more of the commissioners; the fact

that the persons signing such consent are a majority of the taxpayers of such township, and represent a majority of the real property of such township, shall be proved by the affidavit of the assessor of such township endorsed upon or annexed to such written consent, and the assessor of such township is hereby required to perform such service; such consent and affidavit shall be filed in the office of the clerk of the county in which such township is situated, and a certified copy thereof in the town clerk's office of such township, and the same or a certified copy thereof shall be evidence of the facts therein contained, and received as evidence in any court of this State, and before any judge or justice thereof."

By section three these commissioners were authorized to dispose of the bonds, and invest the money in railroad stock in the name of the township, to subscribe for and purchase stock in the railroad company, and to act at stockholders' meetings.

Section fourteen provides "that all bonds issued in accordance with the provisions of this act shall be registered in the office of the county clerk of the county in which the township is situated issuing the same, and the words 'registered in the county clerk's office' shall be printed or written across the face of each bond, attested by the signature of the county clerk when so registered, and no bond shall be valid unless so registered."

It is conceded that the commissioners were duly appointed; that the issue of bonds was not in excess of the amount authorized by the statute; that a paper purporting to contain the consent of the requisite number of taxpayers, duly verified by the affidavit of the township assessor, was filed in the office of the clerk of the county; and that the plaintiffs were *bona fide* holders. But the contention is that the consent roll did not in fact contain the requisite number of taxpayers, and that the affidavit of the assessor was not true; also that the commissioners did not borrow any money on the bonds, but disposed of them without lawful consideration. The Circuit Court held that these defences were unavailing against *bona fide* holders of the bonds; and with that ruling we concur. Indeed, all the questions which were earnestly presented and

argued by counsel for plaintiffs in error have been often considered and decided by this court. The act gave the commissioners power, under certain conditions, to issue the bonds. The recitals therein show that they were issued "in pursuance" of the act; and the bonds were all duly registered as required. The case of *Montclair* v. *Ramsdell*, 107 U. S. 147, 158, was a suit on bonds in form like the ones in suit, and issued under a statute practically identical. The validity of those bonds was sustained; and in the course of his opinion, speaking for the court, Mr. Justice Harlan says: " Legislative authority for an issue of bonds being established by reference to the statute, and the bonds reciting that they were issued in pursuance of the statute, the utmost which plaintiff was bound to show, to entitle him *prima facie* to judgment, was the due appointment of the commissioners and the execution by them in fact of the bonds. It was not necessary that he should, in the first instance, prove either that he paid value, or that the conditions preliminary to the exercise by the commissioners of the authority conferred by statute were in fact performed before the bonds were issued. The one was presumed from the possession of the bonds; and the other was established by the statute authorizing an issue of bonds, and by proof of the due appointment of the commissioners, and their execution of the bonds, with recitals of compliance with the statute." See, also, the cases of *Bernards Township* v. *Stebbins*, 109 U. S. 341, and *New Providence* v. *Halsey*, 117 U. S. 336, in which bonds issued either under the act before us, or that referred to in 107 U. S. *supra*, were considered by the court. Reference also may be made to two New Jersey cases, *Cotton* v. *New Providence*, 47 N. J. Law, 401, and *Mutual Life Co.* v. *Elizabeth*, 42 N. J. Law, 235.

It were useless to refer to the long list of cases in which recitals, like these, have been held sufficient to sustain bonds in the hands of *bona fide* holders. It is urged that these commissioners were not elected by the people; that they were not the general officers of the township, but were special officers appointed by the Circuit Court — special agents, as it were, for the specific purpose; that the statute does not in terms

give them authority to determine whether the preliminary conditions have been complied with; and that this case is, therefore, to be distinguished in these respects from those cases where similar recitals have been held conclusive. But though not the ordinary officers of the township, they were the ones to whom by legislative direction was given full authority in the matter of issuing bonds. The organization of townships, the number, character and duties of their various officers, are matters of legislative control; and it is not doubtful that officers appointed represent the municipality as fully as officers elected. When the legislature has declared how an officer is to be selected, and the officer is selected in accordance with that declaration, his acts, within the scope of the powers given him by the legislature, bind the municipality. But these special commissioners were not the only officers of the township whose acts gave currency to these bonds. If inquiry had been directed to the county and township records, the affidavit of the township assessor to the consent required would have been found; and on the face of the bonds it appears that the county clerk of the county has added his official certificate to their validity; so that the acts of general as well as of special officers and agents of the township are the foundation upon which rests the validity of these bonds.

While it is true that the act does not in terms say that these commissioners are to decide that all preliminary conditions have been complied with, yet such express direction and authority is seldom found in acts providing for the issuing of bonds. It is enough that full control in the matter is given to the officers named. In the case of *Oregon* v. *Jennings,* 119 U. S. 74, 92, the rule is thus stated by Mr. Justice Blatchford: "Within the numerous decisions by this court on the subject, the supervisor and the town clerk, they being named in the statute as the officers to sign the bonds, and the 'corporate authorities' to act for the town in issuing them to the company, were the persons entrusted with the duty of deciding, before issuing the bonds, whether the conditions determined at the election existed. If they have certified to that effect in the bonds, the town is estopped from asserting, as against a

*bona fide* holder, that the conditions prescribed by the popular vote were not complied with."

Whatever may be the hardships of this particular case, to sustain the defences pressed would go far towards destroying the market value of municipal securities. We see no error in the ruling of the Circuit Court, and its judgment is therefore

*Affirmed.*

MR. JUSTICE FIELD took no part in the decision of this case.