## SHELTON et al. v. GAS SECURITIES CO.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1917.)

No. 4733.

1. WATERS AND WATER COURSES ⬤➡230(6)—IRRIGATION DISTRICTS—ACTION ON BONDS—PRIMA FACIE CASE.

In an action to recover the interest on irrigation district bonds payable to bearer, plaintiff makes a prima facie case of bona fide ownership of the bonds by proof of their possession.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 319.]

2. APPEAL AND ERROR ⬤➡1008(2)—REVIEW—FINDINGS OF FACT.

A finding by the court in a case tried by consent without a jury, justified by the evidence received, cannot be re-examined.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3957, 3964.]

3. WATERS AND WATER COURSES ⬤➡230(1)—IRRIGATION DISTRICTS—BONDS— ESTOPPEL TO DENY LIABILITY.

Where irrigation district bonds, issued by officers authorized to bind the district, recited that all acts and things required to be done, and con-

ditions and things required to exist, pursuant to the issuance of the bond, to render it lawful, had happened and been done and performed, and did exist, in regular and due time, form, and manner as required by law, a purchaser of the bonds before maturity is not required to examine the record of the proceedings to determine whether the bonds were regularly issued; but the district is estopped to question the regularity of such proceedings, since anything which would tend to depress the market value of the bonds would defeat the purpose of the Legislature in authorizing such recital.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 319.]

4. WATERS AND WATER COURSES ⬤⟳230(1)—IRRIGATION DISTRICTS—BONDS— ESTOPPEL—AUTHORITY OF OFFICERS.

An irrigation district is not estopped to question the proceedings by which its bonds were issued by recitals in the bond that such proceedings were regular, unless the officers executing the bonds had lawful authority to make the recitals and to make them conclusive.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 319.]

5. WATERS AND WATER COURSES ⬤⟳230(2)—IRRIGATION DISTRICTS—BONDS— ESTOPPEL—AUTHORITY OF OFFICERS.

The Colorado irrigation district statute (Laws 1905, p. 246), requiring the secretary of the board of directors to enter in the records and with the county clerk a statement of the result of the bond election, and providing that the bonds issued shall be negotiable in form, executed in the name of the district, and signed by the president and secretary, and the seal of the district be affixed thereto, and shall state that they are issued by the authority of the act, authorizes the president and secretary to make recitals in the bonds as to the regularity of the proceedings for their issuance, which shall be binding on the district.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 319.]

6. WATERS AND WATER COURSES ⬤⟳230(5)—IRRIGATION DISTRICTS—BONDS— NATURE OF OBLIGATION.

Negotiable bonds issued by an irrigation district are subject to the same rules as other negotiable paper.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 319.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the Gas Securities Company against the Niles Irrigation District to recover the interest on district bonds, in which J. M. Shelton and others intervened. Judgment for plaintiff, and interveners bring error. Affirmed.

I. B. Melville, of Denver, Colo. (Max D. Melville, of Denver, Colo., on the brief), for plaintiffs in error.

Platt Rogers, of Denver, Colo. (James Grafton Rogers and Edmund Rogers, both of Denver, Colo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and VAN VALKENBURGH, District Judges.

VAN VALKENBURGH, District Judge. Defendant in error, Gas Securities Company, is a New York corporation. The Nile irrigation district is a public corporation created, organized, and existing under

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the laws of Colorado by virtue of an act entitled "An act in relation to irrigation districts," approved May 3, 1905, and acts amendatory thereof and supplemental thereto, with express power to issue, sell, and deliver bonds and written obligations for the purpose of constructing, or purchasing, or acquiring necessary sites, reservoirs, water rights, canals, ditches, and works, and acquiring the necessary property and rights therefor. Plaintiffs in error allege that they are freeholders of irrigable lands within said Nile irrigation district, that as such owners they are taxpayers, and that their lands are liable for all assessments and levies for irrigation district purposes, including principal and interest on bonds issued by authority of the act aforesaid.

August 3, 1914, defendant in error filed its complaint against said Nile irrigation district, as defendant, alleging the ownership of 1,338 of certain bonds of said district, of the denomination of $500 each. A copy of the bond, set out in the complaint, contains the following recitals:

"This bond is one of series No. 1, and a part of the total issue of bonds of said district aggregating seven hundred thousand dollars ($700,000) authorized to be issued by the votes of the legal electors of said district at an election duly called and held therein on the 15th day of August, A. D. 1908, at which election a majority of the legal electors of said district voted 'Bonds Yes,' and the result of said election was so declared and entered of record; that this bond is issued by virtue of the votes cast at said special election pursuant to, and upon the authority of and by full compliance with the provisions of an act of the General Assembly of the state of Colorado, entitled 'An act in relation to irrigation districts,' approved May 3, 1905, and all acts amendatory thereof."

"And it is hereby recited and certified that all acts and things required to be done, and conditions and things required to exist, pursuant to the issuance of this bond, to render the same lawful and valid, have happened and been properly done and performed and did exist in regular and due time, form, and manner as required by law, and said bonds are declared to be the bonds of said district and a legal indebtedness thereof, which indebtedness is a lien upon all the real property in said district, and to be paid by revenue derived from the annual assessment and taxation upon all real property included within said district, levied and collected under the laws of the state of Colorado."

The bonds were executed in the name of the district, signed by the president and secretary, with the seal of the district affixed thereto, all as prescribed by statute. Defendant in error prayed judgment upon certain overdue and unpaid interest coupons in the sum of $60,210, with interest from their maturity. The defendant district filed answer, admitting the indebtedness; and because the board of directors of the district refused to set up certain alleged existing defenses to the coupons sued on, plaintiffs in error sought and were granted permission to intervene in the cause below, and to file their amended answer and verified statement. By their pleadings interveners admit the jurisdictional facts, and also that the defendant district authorized, made, and executed the bonds and coupons thereto attached, as alleged in the complaint, for the purposes therein stated. Five separate defenses to plaintiff's right to recover are, by plaintiffs in error, thus summarized:

"First, that the bonds and coupons involved had not been disposed of by the district board in the manner provided by the irrigation district act; second, that the board attempted to deliver $652,000 of the bonds for a proposed system of irrigation works, no portion of which was in existence at the time

·of entering into the contract of purchase, the act requiring that to so exchange bonds the system must be constructed or partially constructed; third, that ·time was of the essence of the construction contract entered into, and it was ·therein provided that the system should be completed within 20 months, but, notwithstanding that no construction was done thereunder during said 20 months, the board, long after the expiration of said period, attempted to re-vive said contract without referring the same to the district electors; fourth, that after the qualified electors had authorized and ratified the original con-tract, the board entered into a so-called modified contract for the construction of a wholly different and much inferior system of irrigation works, and deliv-ered the most of the bonds and coupons herein involved thereunder, without referring either said original or modified contracts back to the electors for re-scission, ratification, or rejection, as provided by said act; and, fifth, that a portion of the bonds involved herein were sold to the contractor for cash with the known purpose in view of defraying therefrom the operating expenses of ·said district, contrary to the express terms of said act."

It was further alleged that, in addition to the notice furnished by the public records of the irrigation district, the imperfections .claimed were actually known, or at least knowledge thereof was imputable to the present owner, defendant in error. In the trial to the court, sit- . ting as a jury, defendant in error made its prima facie case by the pro-duction of the negotiable instruments sued on; their genuineness being admitted. To avoid the expense and time incident to sustaining by proofs such of the defenses pleaded as would, if proven, be of no avail to interveners if the court should find that plaintiff was a purchaser in good faith, for value, without notice, actual or constructive, the order of proof was ruled to begin with the question of bona fide purchase. Interveners were permitted to make a full showing with respect to ac-tual notice of alleged irregularities; but the court ruled that, in view of the recitals in the bonds, defendant in error was not required at its peril, before purchasing the bonds and coupons in controversy, to ex-amine the public records of the irrigation district under which they were issued, and, thus, by anticipation, excluded all such evidence ten-dered or suggested in support of the defense of constructive notice. Nothing was offered by defendant in error, except the formal proofs aforesaid, and, at the close of the testimony, the court found the issues, including that of bona fide purchase, in favor of defendant in error, and rendered judgment accordingly. The irrigation district declined to.join in the writ of error, and interveners appear as sole plaintiffs in error in this court.

[1, 2] Since, with the exception noted, plaintiffs in error introduced all the evidence they desired upon the matter of bona fide purchase, and defendant in error offered nothing in this behalf, questions' of order and burden of proof are unimportant in this review. Possession of the bonds and coupons in question made, under the pleadings, a prima facie case for the plaintiff. Bernards Township v. Morrison, 133 U. S. 523, 527, 10 Sup. Ct. 333, 33 L. Ed. 726; Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 70, 29 Sup. Ct. 237, 53 L. Ed. 402. Upon the entire evidence, the court below found that the bonds and coupons involved were purchased by plaintiff "without notice or knowledge of any matters tending to show that said bonds and cou-pons had been issued and delivered by said district in violation of the terms of the statute of Colorado or tending to show that the same were

null and void." This finding is justified by the evidence received and considered by the court. This case having been tried by consent without a jury, if we limit ourselves to matters thus received and considered, we must accept the findings made, and cannot re-examine the court's determination of the issues. Lawson v. United States Mining Co., 207 U. S. 1, 12, 28 Sup. Ct. 15, 52 L. Ed. 65; Campbell v. United States, 224 U. S. 99, 105, 32 Sup. Ct. 398, 56 L. Ed. 684.

[3] The only substantial question presented is whether the trial court erred in excluding from consideration the records of the irrigation district relating to this transaction, in holding that the purchaser, before buying the bonds in suit, was not required to examine such records, and that, as against defendant in error, the defendant and interveners were estopped by the recitals in said bonds from setting up any of the claimed irregularities in the issuance and delivery thereof. The answer to this question will determine the merits of this controversy.

The effect of recitals in bonds of this character in relieving purchasers of all inquiry, notice, and knowledge of the record, action, or omission of the municipal board or other officers of the municipality issuing the same, was elaborately considered by this court in Town of Aurora v. Gates, 125 C. C. A. 329, 332, 336, 337, 208 Fed. 101, 104, 108, 109 (L. R. A. 1915A, 910). It was there held that:

"A municipality or a quasi municipality may not, by the recitals or certificates in its bonds, estop itself from denying that it is without power to issue them, when the laws are such that there can be no state of facts or of circumstances under which it would have authority to emit them. But, if the laws are such that there might under any state of facts or of circumstances be lawful power in the municipality or quasi municipality to issue its bonds, it may, by recitals therein, estop itself from denying that those facts or circumstances exist and that it has lawful power to send them forth, unless the Constitution or act under which the bonds are issued prescribes some public record as the test. * * * The recitals in municipal bonds by the officers or the representative body invested with power to perform a precedent condition and with authority to determine when that condition has been performed, that all the requirements of law necessary to authorize the issue of the bonds have been complied with, precludes inquiry, as against an innocent purchaser for value, whether or not the precedent condition had been performed before the bonds were issued. * * * Where, by legislative enactment, authority has been given to the officers of a municipality to issue its bonds on some precedent condition, and where the fact may be gathered from the enactment that those officers were invested with power to decide whether or not that condition had been complied with, their recital in the bonds issued by them that it was fulfilled is duly authorized, and it estops the municipality or quasi municipality from proving its falsity to defeat the bonds in the hands of an innocent purchaser. * * * A municipality, a quasi municipality, or a corporation and its officers, who by the apparent legality of their obligations or by recitals of their validity have induced innocent purchasers to invest in them are estopped from denying their legality on the ground that in some of the preliminary proceedings which led to their execution, or in their execution itself, they failed to comply with some law or rule of action relative to the mere time or manner of their procedure, with which they might have lawfully complied, but which they carelessly disregarded."

In this case the general power and authority of the district and its officers to issue bonds for the purposes declared, not only appear from the provisions of the act under which the irrigation district was organized, but are admitted in the answer. It is further admitted that

239 F.—42

the defendant district did authorize, make, and execute the negotiable bonds, with coupons thereto attached, in the manner and form as alleged in the complaint, for the purposes enumerated in the statute. The alleged defects complained of were irregularities merely in the performance of the conditions preliminary to the exercise by the district of the authority conferred 'by statute, and in the delivery of the bonds subsequent to their issue. Such irregularities, including a partial failure of consideration, whether inadvertent and negligent merely, or amounting to fraud as between the district and its officers, will not affect the title of subsequent bona fide purchasers for value before maturity or the liability of the irrigation district. Cromwell v. County of Sac, 96 U. S. 51, 57, 24 L. Ed. 681; Bernards Township v. Morrison, 133 U. S. 523, 527, 10 Sup. Ct. 333, 33 L. Ed. 726.

[4] It is true that where the validity of the bonds depends upon an estoppel, claimed to arise upon the recitals of the instrument, the question being as to the existence of power to issue them, it is necessary to establish that the officers executing the bonds had lawful authority to make the recitals and to make them conclusive. Gunnison County Commissioners v. Rollins, 173 U. S. 255, 267, 19 Sup. Ct. 390, 43 L. Ed. 689. The power and duty of municipal officers issuing bonds to ascertain, determine, and declare the facts authorizing their issuance need not be expressly conferred and devolved by statute, but may result from implication. Miller v. Perris Irrigation District (C. C.) 99 Fed. 143; Town of Coloma v. Eaves, 92 U. S. 484, 23 L. Ed. 579; Oregon v. Jennings, 119 U. S. 74, 92, 7 Sup. Ct. 124, 30 L. Ed. 323; Bernards Township v. Morrison, 133 U. S. 523, 528, 10 Sup. Ct. 333, 33 L. Ed. 726.

[5] By the Colorado statute the secretary of the board of directors must, as soon as the result of any election held under the provisions of this act is declared, enter in the records of such board, and with the county clerk of the county in which the office of said district is located, a statement of such result showing the same with great particularity. The bonds "shall be negotiable in form, executed in the name of the district and signed by the president and secretary, and the seal of the district shall be affixed thereto. * * * Said bonds shall express on their face that they are issued by the authority of this act, stating its title and date of approval. The secretary shall keep a record of the bonds sold, their number, date of sale, the price received, and the name of the purchaser." Clearly the president and secretary, as the executive officers of the district, had special personal knowledge of such transactions. They were the officers contemplated and designated by the statute to issue bonds and make the necessary recitals therein. Miller v. Perris Irrigation District et al. (C. C.) 99 Fed. 143; Town of Coloma v. Eaves, 92 U. S. 484, 489, 23 L. Ed. 579; Oregon v. Jennings, 119 U. S. 74–92, 7 Sup. Ct. 124, 30 L. Ed. 323; Bernards Township v. Morrison, 133 U. S. 523, 528, 10 Sup. Ct. 333, 33 L. Ed. 726; Presidio Co. v. Noel-Young Bond Co., 212 U. S. 69, 29 Sup. Ct. 237, 53 L. Ed. 402. The recitals in these bonds were exceptionally full and complete and are conclusive in favor of the bona fide holder.

Town of Aurora v. Gates, 125 C. C. A. 329, 208 Fed. 101, L. R. A. 1915A, 910; Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. 613, 40 L. Ed. 760; Quinlan v. Green County, 205 U. S. 410, 419, 27 Sup. Ct. 505, 51 L. Ed. 860; Green County v. Quinlan, 211 U. S. 582, 29 Sup. Ct. 170, 53 L. Ed. 343; Presidio Co. v. Noel-Young Bond Co., 212 U. S. 68, 29 Sup. Ct. 237, 53 L. Ed. 402.

[6] Obligations of this nature are subject to the same rules as other negotiable paper. Cromwell v. County of Sac, 96 U. S. 51, 24 L. Ed. 681.

"These bonds were intended for sale; and it was rationally to be expected that they would be put upon distant markets. * * * Everything that tended to depress the market value was adverse to the object the Legislature had in view. It could not have been overlooked that their market value would be disastrously affected if the distant purchasers were under obligation to inquire before their purchase, or whenever they demanded payment of principal or interest, whether certain contingencies of fact had happened before the bonds were issued—contingencies the happening of which it would be almost impossible for them in many cases to ascertain with certainty. Imposing such an obligation upon the purchasers would tend to defeat the primary purpose the Legislature had in view. * * * Such an interpretation ought not to be given to the statute, if it can reasonably be avoided; and we think it may be avoided." Town of Coloma v. Eaves, 92 U. S. 484, 487, 488 (23 L. Ed. 579).

The foregoing language of the Supreme Court has wide application and discloses the reasoning upon which this rule of estoppel is based. As was said in Bernards Township v. Morrison, 133 U. S. 523, 529, 10 Sup. Ct. 333, 335 (33 L. Ed. 726):

"Whatever may be the hardships of this particular case, to sustain the defenses pressed would go far towards destroying the market value of municipal securities."

It follows that the judgment of the lower court was right and must be affirmed.