## CITY OF NORMAN et al. v. VAN CAMP et al.

No. 10426—Opinion Filed Oct. 3, 1922.

(Syllabus.)

### 1. Municipal Corporations — Street Paving —Assessments—Statutes.

Certain sections of chapter 10, of article 12, Revised Laws of Oklahoma 1910, provide for and constitute the authority for paving and otherwise improving streets and alleys in certain cities, and constitute a part of every contract for paving or otherwise improving such streets and alleys, whether incorporated in the contract or not.

(a) Section 630 of said article 12, provides that the assessments shall be made payable in ten equal installments. Section 632 provides when the said installments shall be due and payable. Section 633 provides conditions under which any property owner shall have the option to pay his entire assessment without interest. That part of said section 633 reads as follows: "The ordinance shall provide that the owners of the property so assessed shall have the privilege of paying the amounts of their respective assessments, without interest, within 30 days from the date of the passage of such ordinance. * * *"

### 2. Same—Void Assessment Ordinance—Validity of New Ordinance Providing For Interest Payment.

Where street improvements have been contracted for under said chapter 10 of article 12, supra, and the city council attempts, by ordinance, to make and levy assessments against the property owners in such improvement district, according to the apportionment made by the appraisers, and such assessing ordinance is thereafter held by a court of competent jurisdiction to be void, and thereafter a new assessing ordinance is passed, such new assessing ordinance must conform to the provisions of the statutes contained in said chapter 10 of article 12, supra, and the city council of such city has no authority to provide in such new assessing ordinance for the payment of interest on the cost of such improvement from a date preceding the final passage of such ordinance. Where an ordinance contains any such provision, the ordinance is void and the enforcement thereof will be enjoined.

### 3. Judgment—Validity—Violative of Constitution or Statutes.

Where a judgment or any part thereof clearly violates the plain provisions of the Constitution or statutes, such judgment or the part thereof that is in direct conflict with the Constitution or statutes is to that extent void and cannot be enforced.

Error from District Court, Cleveland County: George W. Clark, Judge.

Action by G. W. Van Camp et al., against the city of Norman et al., to declare a certain ordinance void and to enjoin the issuing of paving bonds thereunder. Judgment for the plaintiffs declaring the ordinance void and issuing a permanent injunction as prayed for. Defendants appeal. Affirmed.

J. D. Grigsby and William & Luttrell, for plaintiffs in error.

W. L. Eagleton and J. B. Dudley, for defendants in error.

MILLER, J. This action was commenced in the district court of Cleveland county by G. W. Van Camp and approximately one hundred others, as plaintiffs, against the city of Norman, a municipal corporation, L. S. Lindsay, its mayor, and certain other city officials, including the city clerk and members of the city council, and F. P. McCormick, a paving contractor, to test the validity of ordinance No. 264 in the city of Norman and to secure an injunction against said city officials and its agents to prevent them from issuing and delivering bonds for the

cost of improvements in street improvement district No. 3, and to prevent the city clerk from certifying any special assessments under said ordinance to the treasurer of Cleveland county, and for damages against F. P. McCormick, the paving contractor in said street improvement district No. 3, for a breach of contract.

A jury was waived and the case was tried to the court, which resulted in a judgment in favor of the plaintiffs, decreeing said ordinance No. 264 to be null and void and perpetually enjoining the defendants, their successors, agents, servants, and employes, from enforcing or attempting to enforce said ordinance. From this judgment the defendants appeal, and appear here as plaintiffs in error. The facts upon which this case rests are concisely set forth in the brief of plaintiffs in error as follows:

"On February 18, 1910, the mayor and city council entered into a contract with F. P. McCormick for the paving and otherwise improving of a portion of the streets and public highways of the city, designated as street improvement district No. 3. Thereafter a board of appraisers was appointed to apportion the costs of said improvements under said contract to the different lots situated within said improvement district as provided by law. On September 27, 1910, the mayor and city council met for the purpose of considering the report of the board of appraisers, and at said time passed assessing ordinance No. 148. This ordinance was held invalid by the district court of Cleveland county, in an action brought attacking it, on the ground that it did not receive the required number of votes of members of the city council. Thereafter, and on the 13th day of July, 1913, a new assessing ordinance was proposed by the contractor, F. P. McCormick. A suit was again brought by the owners of property liable to assessment to enjoin the passage of the proposed ordinance, same being ordinance No. 217, on the ground that said ordinance, attempted to require property owners to pay interest on the installments levied, from the date of the approval of the appraisers' report, which was some three years prior to July, 1913. The trial court sustained the position of the property owners and enjoined the passage of the ordinance, from which judgment the city appealed. This court sustained the lower court, same being the case of City of Norman v. Allen, 47 Okla. 74, 147 Pac. 1002. Thereafter, and on December 18, 1914, the city attempted to pass another assessing ordinance, same being ordinance No. 249. An injunction suit was likewise filed to prevent the operation of this ordinance. This suit was not tried, but the city later passed another assessing ordinance, the same being ordinance No. 264, the ordinance involved in this action, by which ordinance No. 249 was repealed. While ordinance No. 217 was, be-

ing considered, and before the suit was filed to enjoin its passage was brought, F. P. McCormick, the contractor, brought suit against the city of Norman, its officers and agents, for damages on the theory of negligence in not passing a proper assessing ordinance, taking as his measure of damages the amount due him under his paving contract, with interest thereon. This action by F. P. McCormick was brought in the federal court for the Western district of Oklahoma, and was pending during all of the time of the litigation in the state court of the case decided by this court hereinbefore referred to. The decision of this court in the case of City of Norman v. Allen was rendered on March 30, 1916, but judgment was not rendered in the action in the Federal court until the 13th day of November, 1916. By the judgment of the federal court F. P. McCormick was given a judgment against the city of Norman for the sum of $79,485.40, with interest at 6% from the 10th day of April, 1916, and the city of Norman was directed to cause a new appraisement of the property liable to assessment for the cost of improvement in improvement district No. 3 to be made, which appraisement should include the interest accrued on the original appraisement, and to pass a new assessing ordinance assessing the original cost of said improvements plus said accrued interest. Thereafter, the city of Norman passed assessing ordinance No. 264, the ordinance in question in this action, in compliance with the judgment of the federal court, no appeal having been taken therefrom. On a trial of this case in the lower court the lower court declared ordinance No. 264 void and of no force and effect, and perpetually enjoined the city of Norman, its officers and agents, from enforcing or attempting to enforce said ordinance."

During the progress of the trial of the case the following stipulation of facts was agreed to:

"It is hereby stipulated and agreed between the parties hereto that ordinance No. 264 involved in this action follows the judgment of the federal court in the case of McCormick v. City of Norman, and that it includes the interest on the original assessment from the date of the passage of the original assessment ordinance down to and including the date of the passage of the ordinance in controversy."

The plaintiff in error sets out several assignments of error, but discusses them all under the following proposition:

"The judgment of the federal court was binding upon the defendants in error, and was and is a bar to the action brought by them to enjoin the enforcement of ordinance No. 264."

We do not agree with the contentions of the plaintiff in error. The only authority the city of Norman had for entering into the contract for paving the streets was by

virtue of chapter 10 of article 12, Revised Laws of Oklahoma, 1910. Each and all of the sections of said article 12, in so far as applicable, constituted a part of the contract, whether incorporated in the contract or not, and governed the rights of all of the parties, the property owners affected, as well as the city and the contractor.

Section 630 of said article 12 provides that the assessments shall be made payable in ten equal installments. Section 632 provides when the said installments shall be due and payable. Section 633 provides conditions under which any property owner shall have the option to pay his entire assessment without interest. That part of said section 633 reads as follows:

"The ordinance shall provide that the owners of the property so assessed shall have the privilege of paying the amounts of their respective assessments, without interest, within 30 days from the date of the passage of such ordinance. * * *"

This section of the statute governs the rights of the parties, and it was not repealed by the judgment of the federal court. In City of Norman v. Allen, 47 Okla. 74, 147 Pac. 1002, supra, paragraphs 2 and 3 of the syllabus read:

"2. Where city improvements have been contracted for, and the report of the board of appraisers apportioning the benefits thereof to the lots and lands in the improvement district has been confirmed by the city council, and on the date of such confirmation the city council attempts by ordinance, to make and levy assessments against property and property owners in said improvement district, according to the apportionment made by the appraisers, and such assessing ordinance is thereafter held by a court of competent jurisdiction to be void, held, the city council may thereafter, at any time, under section 644, Rev. Laws 1910, pass a new assessing ordinance, based upon the report of the board of appraisers theretofore confirmed, and such new ordinance will have the same force and effect of an original assessing ordinance.

"3. Where such new assessing ordinance is passed after the work contracted for has been completed and accepted by the city, the assessments therein levied may be declared payable on the 1st day of September next after the acceptance of such work, but the ordinance shall provide that the property owners may, within 30 days from the passage thereof, have the privilege of paying all assessments without interest, and if such property owners do not avail themselves of such privilege, their assessments and installments thereof shall draw interest from the date of the passage of the assessing ordinance, and the interest on the whole or entire unpaid installments and assessments then be payable annually at the time the respective installments under the assessments are payable, but the council has no authority to provide in the new assessing ordinance that interest shall be paid on any installment or assessment from a date preceding final passage of such ordinance."

The foregoing decision announces the law that govers in this case, and the learned judge of the district court was correct in following it. The owners of the property liable for the payment of the street improvement have the right to pay their proportionate share of the actual cost of the improvement assessed against their property without interest, under said statute, section 633, supra, and any ordinance which attempts to deprive them of their statutory right is void, and its enforcement should be enjoined when seasonably attacked for that purpose.

The plaintiffs in error say in their brief:

"In the tangle in which the paving improvement involved herein has finally become involved it is impossible to determine this case in a way that will not do violence to the law. Either the property owners must pay interest, or the cost of this improvement must be paid by the city, at least that portion of the same which is included in the assessing ordinance as interest. Which horn of the dilemma shall be taken? The property owners are the persons who have received the benefits. Other property owners in the city must pay for paving which abuts upon their property. Are they more liable to do this under the law than the defendants are liable to pay interest?"

There is but one way to determine this case in a way that will not do violence to the law, and that is to follow the law. We are not responsibe for the failure of the city officials of Norman to pass a proper assessing ordinance at the proper time. It may be that the result of their failure to pass a proper assessing ordinance at the proper time will be that the city of Norman will have to pay the amount of the interest on these bonds out of the general fund of the city, but on this we are not expressing any opinion, as it is not before us. If, however, this should be the result, it is not the only time that a city has been required to respond in damages because of the failure of its city officials to discharge some duty imposed upon them by law.

The judgment of the trial court is affirmed.

HARRISON, JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.