## In re GYPSY OIL CO.

No. 20364.   Opinion Filed Dec. 10, 1929.

James B. Diggs, Wm. C. Liedtke, Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for protestant.

Byron Kirkpatrick, Co. Atty., Hugh Webster, Asst. Co. Atty., and Ed. O. Cassidy, for protestee.

ANDREWS, J. The Gypsy Oil Company, a corporation, protested certain tax levies made by the excise board of Tulsa county for the fiscal year beginning July 1, 1928, as illegal and excessive. An appeal was taken by the protestee from the judgment of the Court of Tax Review.

Protestee presents four propositions and discusses each separately. We will consider these propositions in the same order.

The first proposition involves the proper method of computing annual accrual on bonds maturing in installments. The protestee contends that the annual accruals should be computed on the basis of the number of tax years intervening between the date of issuance and the date of each installment maturity. The Court of Tax Review computed the annual accruals on the basis of the number of tax years intervening between the date of issuance and the date of maturity of the entire issue.

We had this contention under consideration in cause No. 20142, Coggeshall & Co. v. Smiley, 142 Okla. 8, 285 Pac. 48, this day decided, and there said:

"The bonded indebtedness authorized at an election held for that purpose is a single transaction, and the issuance of such bonds in installments maturing at different intervals does not change its character. The amount of the annual levy for the purpose of creating a sinking fund to retire such bonds is determined by dividing the entire amount of bonded indebtedness in equal installments."

We apply the same rule here. The judgment of the Court of Tax Review is affirmed on this contention.

The second proposition involves the right to deduct from the balance on hand on June 30, 1928, funds for the purpose of paying bonds and interest coupons maturing after June 30, 1928. This contention of the protestee as to the law is identical with that made in cause No. 20142, Coggeshall & Co. v. Smiley, supra, in which we held:

"An excise board is without authority of law to make an appropriation for the payment of interest on outstanding bonded indebtedness which matures subsequent to the fiscal year for which the appropriation is made."

We apply the same rule here. The judgment of the Court of Tax Review is affirmed on this contention.

The fourth proposition involves the right to deduct from the funds on hand at the end of the fiscal year funds sufficient to pay accruals on bonds maturing during the next fiscal year. This contention is fully covered by our discussion in cause No. 20142, Coggeshall & Co. v. Smiley, supra, wherein, in addition to the statement herein quoted, we said:

"The number of levies for sinking fund purposes depends upon the date of issuance and maturity of the bonds and is equal to the number of fiscal years intervening between the date of the issuance and the date of maturity of the bonds in which a tax levy may be made and the tax levy collected."

We think the Court of Tax Review was in error in holding that the annual accrual should be based on the total number of years the bonds run, less one year, and we have announced the proper rule in the case cited herein. However, the protestant did not appeal from that portion of the judgment, and there being no appeal therefrom, it is not before this court for review. We have not attempted to check the dates of the bonds shown in the record to ascertain which, if any, comply with the rule announced by the Court of Tax Review.

We find no error in the judgment of the Court of Tax Review, except as noted, and the same is in all things affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, CULLISON, and SWINDALL, JJ., concur. RILEY and HEFNER, JJ., absent.

Note.—See "Municipal Corporations," 44 C. J. §4315, p. 1288, n. 40.