### NIPPER et al. v. EXCISE BOARD OF OSAGE COUNTY.

No. 25470.    Dec. 11, 1934.

Hamilton & Howard, for plaintiffs in error Nipper et al.

Stuart & Doerner, for plaintiff in error Oklahoma Power & Water Company.

C. K. Templeton, Co. Atty., and Leander Hall, Asst. Co. Atty., for defendant in error.

OSBORN, J.   This is an appeal from the Court of Tax Review by Frank S. Nipper, T. A. Hamra, Lawrence Deihl, Hubert Nipps, H. P. Jones, Otto Brandon, Jack R. Hays, B. E. Dozier, C. H. Guild, E. C. Keys, and O. M. Maxey, taxpayers within and for the city of Shidler, Osage county, hereinafter referred to as protestants, from an order and judgment of the Court of Tax Review directing that certain levies be made in the sinking fund of the city of Shidler in payment of obligations arising through the issuance of certain water system long-term bonds.

A similar protest was filed by the Oklahoma Power & Water Company, and the causes were consolidated in the Court of Tax Review.

In order to make the issues clear, it is necessary to review some of the history relating to the bond issue.

On January 15, 1924, an election was held in the city of Shidler to determine whether or not bonds should be issued for the building of a water system within said city. One hundred eighty-four votes were cast in the election, 107 being for the bonds and 77 against.

On March 3, 1924, the Attorney General of the state, as ex officio Bond Commissioner, approved the bond issue and indorsed his certificate of approval on each bond.

On February 9, 1924, certain taxpayers in the city of Shidler commenced an action in the district court of Osage county wherein it was sought to enjoin the execution, issuance, and sale of the bonds and to enjoin the city from entering into a contract for the construction of the system of waterworks. The injunction was denied and the cause appealed to this court. On November 14, 1926, this court reversed the judgment of the trial court and held that the election was void for the reason that the city was divided into three voting precincts and the election was held in only one precinct. Hall v. Turner, 125 Okla. 248, 257 P. 328. This court directed the trial court to enter an order enjoining the city officials from selling or disposing of the bonds.

Pending the appeal to this court, and on September 11, 1924, a contract was entered into for the construction of the waterworks, and the bonds were delivered to the contractor in payment therefor.

Thereafter certain bondholders commenced an action in equity against the city of Shidler·in the United States District Court for the Northern District of Oklahoma wherein they claimed to be innocent holders of said bonds for value. Other bondholders intervened in the same action. The cause was duly heard by the federal court, and a judgment rendered against the city and in favor of plaintiffs and interveners for the amounts due and unpaid on the bonds, and directing the county excise board to make levies to pay the judgments so rendered and the interest and principal of the bonds as they subsequently matured. The city of Shidler appealed the cause to the Circuit Court of Appeals for the Tenth Circuit, and the judgment of the District Court was in all things affirmed. City of Shidler v. H. C. Speer & Sons Co., 62 Fed. (2d) 544.

In compliance with the judgment of the federal court, the city officials certified their levies to the county excise board, and the excise board attempted to make a levy for seven installments of principal and interest on the bonds. A protest was duly filed in the Court of Tax Review, and it was therein held that the excise board was without authority to make a sinking fund levy for seven installments for the reason that:

"Where a deficit appears in a sinking fund due to failure to levy a sufficient tax for preceding years, such omitted levies cannot be levied at any subsequent year." M., K. & T. Ry. Co. v. Goad, 117 Okla. 129, 245 P. 617; Protest of C., R. I. & P. Ry. Co., 143 Okla. 161, 288 P. 337; Going, County Treas., v. A., T. & S. F. Ry. Co., 106 Okla. 258, 234 P. 346; City of Ardmore v. Excise Board of Carter County, 155 Okla. 126, 8 P. (2d) 2; Protest of C., R. I. & P. Ry. Co., 156 Okla. 197, 10 P. (2d) 398; In re Gypsy Oil Co., 141 Okla. 291, 285 P. 67; Id., 141 Okla. 298, 285 P. 66.

The Court of Tax Review approved a levy for an amount sufficient to pay the accruals on the bonds for one year, and directed the county excise board to make a levy sufficient to pay one-third of the judgments rendered by the federal court in favor of the bondholders against the city.

Protestants call attention to section 27, article 10, of the Constitution, which provides that no bond issue shall be made except pursuant to a vote of a majority of the qualified property taxpaying voters in a city or town, voting at an election to be held for that purpose. It is argued that, since this court, in the case of Hall v. Turner, supra, held that the election was void, there is no valid outstanding bond issue against the city of Shidler.

It is contended that the judgment of the federal court is ineffective for the reason that it is contrary to the established doctrine of this court, and that the excise board is bound by the decisions of this court and not by the decisions of the federal court. The cases relied upon are City of Norman v. Van Camp, 87 Okla. 182, 209 P. 925; Enid v. Warner Quinlan Asphalt Co., 62 Okla. 139, 161 P. 1092; Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94; Guaranty Title & Trust Co. v. City of Sapulpa, 164 Okla. 271, 23 P. (2d) 629. These cases are not in point for the reason that they deal with paving assessments, which are chargeable to the property owners within special improvement districts on the basis of benefits to the property so improved.

We quote from the body of the opinion in the case of City of Shidler v. Speer & Sons, supra, as follows:

"The bonds contained a recital that all conditions precedent to their issuance had been properly performed; the Attorney General appended his certificate to the same effect; the parties stipulated, and the trial court found, that these bonds were acquired in reliance upon such recital and certificate, and without notice of·anything to the contrary. The language of Mr. Justice Brew-

**8**

er, in Provident Life & Trust Co. v. Mercer County, 170 U. S. 593, 18 S. Ct. 788, 42 L. Ed. 1156, is apposite:

"'By a long series of decisions, such recitals are held conclusive in favor of a bona fide holder of bonds that precedent conditions prescribed by statute and subject to the determination of those county officers have been fully complied with. For instance, whether an election has been held, whether at such an election a majority voted in favor of the issue of bonds, whether the terms of the subscription have been complied with, and matters of a kindred nature, which either expressly or by necessary implication are to be determined in the first instance by the officers of the county, will, in favor of a bona fide holder, be conclusively presumed to have been fully performed, provided the bonds contain recitals similar to these in the bonds before us. See, among other cases, Coloma v. Eaves, 92 U. S. 484 (23 L. Ed. 579); Warren County v. Marcey, 97 U. S. 96 (24 L. Ed. 977); Buchanan v. Litchfield, 102 U. S. 278 (26 L. Ed. 138); Northern Nat. Bank v. Porter Township, 110 U. S. 608, 4 S. Ct. 254 (28 L. Ed. 258); Bernards Twp. v. Morrison, 133 U. S. 523, 10 S. Ct. 333 (33 L. Ed. 726); Citizens Saving & Loan Association v. Perry County, 156 U. S. 692, 15 S. Ct. 547 (39 L. Ed. 585); Andes v. Ely, 158 U. S. 312, 15 S. Ct. 954 (39 L. Ed. 996).

"This court recently announced the same doctrine. Board of Education v. James, 49 F. (2d) 91. See, also, Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 29 S. Ct. 237, 53 L. Ed. 402; Stanly County v. Coler, 190 U. S. 437, 23 S. Ct. 811, 47 L. Ed. 1126; Waite v. Santa Cruz, 184 U. S. 302, 22 S. Ct. 327, 46 L. Ed. 552; Evansville v. Dennett, 161 U. S. 434, 16 S. Ct. 613, 40 L. Ed. 760; Orleans v. Platt, 99 U. S. 676, 25 L. Ed. 404; Shelton v. Gas Securities Co. (C. C. A.) 239 F. 653; Town of Aurora v. Gates (C. C. A.) 208 F. 101, L. R. A. 1915A, 910; Independent School District v. Rew (C. C. A.) 111 F. 1, 55 L. R. A. 364; South Sioux City v. Hanchett Bond Co. (C. C. A.) 19 F. (2d) 476. The cases cited by appellant have to do with statutes that impose conditions subsequent to the issuance of the bonds, conditions which manifestly could not be covered by certificates issued prior thereto; the defect in the proceedings relied upon in this case preceded the issuance of the bonds, and is covered by the certificates."

It is further pointed out in the opinion that this court did not pass upon the validity of the bonds. It is further pointed out that none of the bondholders who appeared before the federal court were parties to the proceeding before this court. We find no conflict in the decisions of the respective courts. It is true that the election was held to be void by this court on the ground that

certain statutes relating to the boundaries of the voting precincts were disregarded. The holding of the federal court that the bondholders are holders in due course without notice of any infirmity in the issuance thereof is not controverted by the facts nor rendered ineffective by the prior decision of this court. The judgment of the federal court has become final, and is valid and binding upon all the parties thereto, and is not now subject to collateral attack.

It is contended that the Court of Tax Review was without authority to order a levy made to pay one-third of the judgment rendered in the federal court for the reason that no levy was made by the excise board to pay any portion of said judgment, and therefore the jurisdiction of the Court of Tax Review in regard to such levy was not invoked. We cannot agree with the contention. All outstanding bonded and judgment indebtedness of a municipality is considered together for sinking fund purposes and one sinking fund is created for the payment of the interest thereon and the principal thereof. There is no provision of law for a separate sinking fund of each bond issue or judgment. Protest of Bledsoe, 161 Okla. 227, 17 P. (2d) 979. In the instant case the excise board made a sinking fund levy for seven installments of principal and interest on the bond issue in question, and this levy was protested. The effect of such levy would have been to pay off the entire judgment in one year. The Court of Tax Review, by its order, held that such judgment must be paid in three installments instead of one, so that the action of the Court of Tax Review merely reduced the sinking fund levy which was the subject of the protest. Under these circumstances, the jurisdiction of the Court of Tax Review was sufficiently invoked to authorize said court to make the order complained of herein.

The judgment of the Court of Tax Review is affirmed.

SWINDALL, ANDREWS, and BUSBY, J-J., concur. RILEY, C. J., concurs specially. CULLISON, V. C. J., and McNEILL, BAYLESS, and WELCH, JJ., absent.

---

RILEY, C. J. (concurring specially). I find no conflict between the cases of Hall v. Turner et al., 125 Okla. 248, 257 P. 328, and City of Shidler v. Speer & Sons Co. et al., 62 F. (2d) 544.

The federal case dealt with innocent purchasers of the bonds for value without notice of infirmities. The state case dealt with

validity of the election at which the bonds were voted. The fault arises by certification of validity of the bonds by the Attorney General on March 3, 1924, subsequent to institution of a taxpayers' suit on February 9, 1924, challenging validity of the bonds. The federal case decided that the rule of lis pendens did not apply, and for this holding there appears ample authority.