## TOWN OF NEW BUTLER v. TUCKER.

No. 5470.    Opinion Filed November 2, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 628.)

1. **MUNICIPAL CORPORATIONS—Limitation on Powers—Notice.** One who deals with a municipality does so with knowledge of the legal limitations on it or its agents' powers; and, if in contracting with a municipality one goes beyond the limitations imposed, he does so at his peril.

2. **MUNICIPAL CORPORATIONS — Contracts — Validity.** In the absence of a compliance by the council of a municipality with the requirements of section 574, Rev. Laws 1910, a contract entered into by such municipality for planting trees therein, which contract provides that the municipality would pay any balance due for planting such trees, after deducting the amount paid, up to a stated time, by the property owners of said municipality for planting said trees, is unenforceable; and such contract imposes no legal liability upon such municipality.

(Syllabus by Collier, C.)

*Error from Superior Court, Custer County;*

*J. W. Lawter, Judge.*

Action by Elsie A. Tucker against the town of New Butler, a municipal corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*R. J. Shive,* for plaintiff in error.

*M. L. Holcombe,* for defendant in error.

Opinion by COLLIER, C. This is an action to recover from the town of New Butler, a municipal corporation, the sum of $510, on account of 3,000 locust trees furnished and planted in said town by the Clinton Nursery, under and by virtue of a contract claimed to have been entered into by said town. Said contract is as follows:

"This contract made and entered into this the 26th day of March, 1912, by and between the Clinton Nursery, party of the first part, and the city council of the town of New Butler, Okla., party of the second part, witnesseth: That the said party of the first part hereby covenants and agrees to and with the party of the second part, that they will furnish three thousand black locust trees, from four to six feet; that they will plant the same in places designated by party of the second part, in a neat and husbandry like manner. Party of first part agrees to replace all trees not found to be in good growing condition at planting time during the spring of 1913, except those dying from any manner of storms, fire, or damage by stock or the travel of the public. The party of the second part hereby agrees to and with the party of the first part that in consideration of the fulfilling of the agreement of the first party, they agree to pay $510 as follows: All moneys collected from property owners for above trees up to July 1, 1912, at which time there shall be a town warrant issued for the balance remaining unpaid. Party of the second part also agrees to keep all trees well cultivated. The Clinton Nursery, Party of the First Part, by W. A. Tucker, Manager. Town of New Butler, Party of the Second Part, by A. S. Hall, Chairman. Witnesses: F. M. McBurney, B. W. Stober."

The town of New Butler interposed a demurrer to the petition, which demurrer was overruled by the court and exceptions saved. There was a trial to a jury, resulting in a verdict for plaintiff in the amount sued for.

Motion for new trial was filed and overruled, and exceptions saved. From said judgment this appeal is prosecuted.

"One who deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with a municipality or furnish it supplies do so with such knowledge; and, if they go beyond the limitations imposed, they do so at their peril." (*In re Town of Afton*, 43 Okla. 720, 144 Pac. 184, L. R. A. 1915D, 978.)

See, also, *O'Neil Engineering Co. v. Incorporated Town of Ryan*, 32 Okla. 738, 124 Pac. 19.

Section 574, Rev. Laws 1910, provides:

"The council may enact ordinances for the purpose of planting, maintaining and protecting shade trees in the streets and avenues, whenever the same is petitioned for in the manner provided for in this chapter for petitioning for sidewalks, and for the purpose of paying for the same shall have power to make assessments and collect the tax in the same manner as is provided by this chapter for assessing and collecting taxes for sidewalks."

It thus clearly appears that the expense of planting shade trees in the streets and avenues must be paid by the owners of the property in the same manner in which the expenses of sidewalks are provided for—payment by the individual owner, and not by the municipality.

The petition does not aver that the necessary petition to authorize the council to enact ordinances for the purpose was filed; or that ordinances were enacted under this section of the statute for the purpose of planting the trees in question. If the required petition had been filed, and the necessary ordinances passed, the council would still have been without legal authority to bind the mu-

nicipality to pay for any part of said trees, as is provided in the contract sued upon; and said contract is void, and does not impose any liability on said municipality. Therefore the court committed prejudicial error in over-ruling the demurrer to the petition.

Under the conclusion reached by us as to absence of liability under the contract sued upon, we deem it un-necessary to consider any other error assigned in this case.

This cause should be reversed and remanded, with instructions to dismiss the cause with prejudice.

By the Court: It is so ordered.