## CITY OF ENID et al. v. WARNER-QUIN-LAN ASPHALT CO.

No. 7310—Opinion Filed Dec. 5, 1916.

Rehearing Denied Jan. 9, 1917.

(161 Pac. 1092.)

**1. Municipal Corporations—Public Contracts —Duty of Contractor.**

A contractor is charged with knowledge of the law under which a contract for paving streets of a city may be entered into, and one who contracts to pave the streets of a city, in consideration of receiving assessments against abutting property of the streets paved, in payment of such paving, should, prior to entering into such contract, ascertain whether or not such assessments are enforceable, and upon failure to do so acts at his peril.

**2. Same.**

He who deals with a municipality does so with the knowledge of its and its agents' powers, and if in contracting with a municipality one goes beyond the limitations imposed, he does so at his peril.

**3. Same—Liability of Municipality.**

Where a contract is entered into by a city for paving its streets, providing for the payment of such paving by assessments against the abutting property of the streets paved, and said contract also provides that the city shall be exempt from any direct liability on account of such paving, and upon completion and acceptance of such paving, the city delivers to the contractor the legally authorized and legally issued assessments and tax warrants for all of the paving done against the abutting property of streets paved, and a part of said assessments and tax warrants are against abutting property belonging to the United States, which assessments cannot be enforced, and which assessments are not paid, an action will not lie against said city to recover for a breach of said contract, the amount of such assessments as are against said property of the United States, alone upon the ground that such assessments against the property of the United States are not enforceable.

**4. Same—Petition.**

The petition in this case carefully considered, and held not to state a cause of action against the city of Enid.

(Syllabus by Collier. C.)

Error from Superior Court, Garfield County; James W. Steen, Judge.

Action by the Warner-Quinlan Asphalt Company, a corporation, against the city of Enid and others. There was a judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions to dismiss.

Guy S. Manatt and Parker & Simons, for plaintiffs in error.

McKeever & Church, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error, hereinafter styled plaintiff, against plaintiffs in error, hereinafter styled defendants, to recover the sum of $6,467.68, with interest thereon from the 4th day of March, 1908, for a breach of contract entered into by said parties for the grading, curbing, guttering, draining, and paving certain streets of the city of Enid.

The petition in this cause, omitting caption and signature, is as follows:

"Comes now the plaintiff herein and for its cause of action against the defendant states to the court as follows: That it is a corporation organized under and by virtue of the laws of the state of Maine and engaged in the business of grading, paving, curbing, guttering, and draining streets and other public places. That the city of Enid is a municipal corporation of the state of Oklahoma, that C. F. Randolph is the mayor thereof, and that J. H. Shaw, W. D. Hitchcock, and W. T. Overton are the commissioners thereof. That on the 24th day of August, 1906, the plaintiff herein made and entered into a contract with the defendant for the construction of certain public improvements, to wit, the grading, curbing, guttering, draining, and paving of certain parts of the city of Enid, to wit: That portion of Market street, beginning at the Rock Island tracks and continuing thence to Grand avenue and from Grand avenue through the public square, around the public square on both sides thereof, and from Independence avenue to the Frisco tracks north of the public square. That thereafter, in due course of time, said contract was completed and the city of Enid accepted said improvements as completed in compliance with the contract above mentioned, and thereupon it became and was the duty of the

city of Enid to pay therefor in the manner provided by law and under the contract above mentioned. That said contract contained the following provisions, to wit: 'The city agrees that she will pay for said improvements in the manner provided by law by special assessments made upon the property in the districts affected, for which the city shall in no wise be liable, and that after any block of said work shall be tendered to the city as complete, within ten days thereafter the city will by its city engineer either accept or reject the same; it is understood and agreed by the parties hereto that in no event is the city to be liable in any way, whatsoever, or any circumstances whatsoever for any costs in connection with the construction of said work, except the city be liable as an owner of any lot or lots of grounds in the districts affected and then only to the extent that other lot owners so situated are liable and to the extent of her property alone.' That upon the 4th day of March, 1908, the city of Enid turned over to the plaintiff herein all of the warrants of special assessment good, valid, and enforceable in law as called for in the contract, except warrants for the sum of $6,467.86, representing the assessments due, chargeable to, and payable by two portions of the following described quarter blocks: The south 136,125 feet of the SE¼ of block 10, city of Enid, to the amount of $3,177.29, and the south 136,125 of the SW¼ of block 10, city of Enid, to the amount of $3,289.55, the same being that part of the public square in the city of Enid owned by the United States government. That it became and was the duty of the city of Enid, after the completion of said work and the acceptance thereof by the said city, to turn over to the plaintiff herein good valid tax warrants and assessments enforceable in law covering the amount chargeable to the above-described piece of the public square, the property of the United States government, and the city of Enid should have turned over to the plaintiff herein good, valid and enforceable tax warrants for the sum of $6,467.86 as' ——— out upon the 4th day of March, 1908, but the city of Enid has failed, neglected, and refused so to do, though often requested thereto by plaintiff herein, and the said city now fails and refuses to turn over to the plaintiff good, valid, and sufficient tax warrants enforceable in law of the date hereinbefore mentioned for the amount hereinbefore mentioned. Wherefore the plaintiff prays judgment against the city of Enid for the sum of $6,467.86, with interest thereon from the 4th day of March, 1908, until paid at 7 per cent., and the costs of this action."

To the petition the defendants interposed a demurrer on the ground that the petition fails to state a cause of action against the defendants, which was overruled and excepted to, and answer filed by the defendants. From the view we take of the case we deem it unnecessary to set out the answer or to recite the evidence given on the trial of the case.

The case was tried to the court and a judgment rendered against the city of Enid for $6,306.30, with interest from the 4th day of March, 1908, at 6 per cent. per annum. Motion for a new trial was duly made, overruled, and excepted to. To review the judgment rendered, defendants bring error.

It thus appears that this action seeks to recover directly from the city part of the expense of the paving provided for by said contract, on the ground that part of the tax assessments contracted to be delivered in payment of said work was against property of the United States and nonenforceable. This presents for our consideration the power of a municipality to enter into a contract for the paving of its streets and the manner of providing for the payment thereof.

We are of the opinion that the city was without authority of law to contract for the work to be done under said contract and to pay for the same other than in the manner provided by the contract sued upon. As averred in the petition, the city did not agree to pay directly for the work contracted under said contract to be done. On the contrary the city, as stated in the contract, agreed to pay for the same—

"in the manner provided by law, by special assessments made on the property of the districts affected, for which the city shall in no wise be liable, and that after any block of said work shall be tendered to the city as complete, within ten days thereafter, the city will by its city engineer accept or reject the same; it is understood and agreed by the parties hereto that in no event is the city to be liable in any way whatsoever, or any circumstances whatsoever for any costs in connection with the construction of said work, except the city be liable as an owner of any lot or lots of ground in the districts affected, and then only to the extent that other lot owners so situated are liable and to the extent of her property alone."

Section 3, art. 2. ch. 8, of the Session Laws of Oklahoma 1901 (page 68), the law in force when said contract was made, provides:

"The abutting lots, pieces, or parcels of ground shall be charged with the cost of making any improvements herein specified. to the center of the block, where the abutting way is on the exterior of the block, and to the exterior of the block where the improvement is made on an alley or other public way in the interior of such block, each quarter block shall be charged with its due proportion of paving both the front and side streets on such block, together with the area formed by intersections and alley crossings, which cost shall be apportioned among the lots and subdivisions of such quarter block according to the benefits * * * to each lot or parcel."

Section 7 of article 2, ch. 8, in part reads:

"* * * Upon completion of the contract through any block by any contractor and the approval and acceptance of his work, the mayor and council shall cause certificates to be issued against all lots, tracts, or parcels of ground for all assessments unpaid by the owner, which certificates shall recite the date of the passage of the ordinance making the assessments, the name of the street upon which the improvement was made, the amount of the assessment, the description of the property against which the same is levied, and that the same will be levied against said property in ten equal installments with interest thereon at the rate of 7 per cent. per annum, levied each year, to pay the maturing installment and interest on all unpaid installments, and shall be signed by the mayor, and countersigned by the city clerk."

Even without the stipulation in the contract as to nonliability on the part of the city for the paving contracted to be done, we are of the opinion that under the law which existed at the time the contract was entered into (article 2, ch. 8, of the Session Laws of the Territory of Oklahoma 1901, supra) the city could not be held liable, by reason of the fact that the assessment against the property belonging to the United States government could not be enforced. In our opinion both contracting parties, when making the contract, had in view the want of authority on the part of the city to contract for payment otherwise than as provided in the contract, by an assessment against the abutting property, and this is emphasized by the stipulation in the contract that the city is not, under any conditions, to be directly liable on the contract.

"If an assessment proves invalid the city is liable to the contractor for the cost of the improvement, or the amount of the void assessment certificates, unless it is expressly exempt from such liability by charter or contract." 28 Cyc. p. 1059, "d," and authorities therein cited.

In the instant case it is expressly provided by law, and by the contract sued upon, that the city is not to be liable, by reason that the assessments against the property of the United States are not enforceable against said property.

In the case of German-American Savings Bank v. City of Spokane, 17 Wash. 315, 49 Pac. 542, 38 L. R. A. 259, the syllabus is as follows:

"Where a city has no power to contract for certain improvements to be paid for out of the general fund, it cannot be made liable for failure to provide a special fund out of which payment was to be made."

"From our investigation of the cases and text books we are of the opinion that the decided weight of authority is against allowing a recovery of the city upon such matters at all, in the absence of an express lawful contract to that effect, or in cases where the money has been collected on the assessments, and is in the city treasury."

"One who deals with a municipality does so with knowledge of the legal limitations on its or its agents' powers; and, if in contracting with a municipality one goes beyond the limitations imposed, he does so at his peril." Town of New Butler v. Tucker, 54 Okla. 182, 153 Pac. 628; Gardner v. School District, 34 Okla. 716, 126 Pac. 1018; Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720.

The only grounds for recovery on the part of the plaintiff stated in the petition is that the assessments against the property owned by the United States are not enforceable. There is an averment in the petition that the assessments were properly made and the same delivered to the plaintiff, and this exonerates the city from liability upon the contract sued upon; it not being averred that the said assessments had been paid to the city.

With knowledge of the law and stipulation in the contract as to nonliability of the city, the plaintiff should have ascertained, prior to entering into the contract for paving, whether or not the abutting property proposed to be assessed was subject to the payment of such assessment, and if it failed to do so it acted at its peril, assumed the risk of being paid other than by the city, and if not paid is without legal remedy against the city for the collection of the value of the paving assessed against such property as the assessment cannot be enforced against it, without averring and proving other grounds of breach of said contract than that part of the assessments for the payment of such paving was against property of the United States and was not enforceable.

To hold that the petition in this case states a good cause of action and that a recovery may be had by the plaintiff against the city would be to hold that that which cannot be directly done can be indirectly done—payment of the cost of paving by the city. Certainly the law that prohibits an act from being directly done prohibits it from being indirectly done.

With the contention of plaintiff that it is not equitable to permit the city to have and enjoy the benefits derived from the completion of the contract on the part of the plaintiff, without the plaintiff is paid therefor, we have nothing to do. This possible hardship upon the plaintiff can in no wise change the law, and in reviewing the case we can only apply the cold steel of the law—that recov-

ery cannot be had against a municipality in this state on a contract for paving because some part of the abutting property against which proper assessments have been levied cannot be collected by reason of the fact that it belongs to the United States.

We have carefully read and re-read the very able brief of attorneys for the plaintiff, and considered the authorities therein cited, and are not unmindful that the courts of last resort of several of the states are in conflict with the views we herein express, but we are unable to follow said adverse holdings for the reason that the same are in direct conflict with the law of this state existing at the time the contract sued upon was made, as to the payment for paving—"that the expense of paving is to be done by the abutting owners who are benefited thereby.".

If the contention of the plaintiff be upheld as to the sufficiency of the petition, it will in effect subject the property of nonabutting owners to be charged with part of the costs of paving, other than paving the streets upon which their property abuts, by reason that the property of nonabutting as well as that of abutting owners would be taxed to create the fund to pay the judgment awarded; in our opinion, a result directly in conflict with the law of the contract under review. Town of New Butler v. Tucker, supra.

The prayer of the petition prays judgment only against the city, and, in our opinion, the petition in this case fails to state a cause of action against the city. and the court'committed prejudicial error in overruling the demurrer to the said petition.

From the view expressed by us, it is unnecessary to consider the several other errors assigned by the defendants.

This cause is reversed and remanded with instructions to dismiss the same with prejudice.

By the Court: It is so ordered.