## GUARANTEE TITLE & TRUST CO. v. CITY OF SAPULPA.

No. 20724. Opinion Filed July 12, 1933.

Allen, Underwood & Canterbury, for plaintiff in error.

C. B. Rockwood, for defendant in error.

BAYLESS, J. The parties to this appeal occupy the same relative positions here that they occupied in the trial court. They will therefore be referred to as plaintiff and defendant, respectively.

Plaintiff filed a suit against the defendant, alleging, in substance, that, in October, 1919, the city of Sapulpa passed an ordinance declaring that it was necessary to construct a sewer, and thereafter proceeded according to the statutory requirements to construct said sewer and to assess the property embraced in this district and issued tax warrants against the same, which tax warrants contained a provision as follows:

"It is hereby declared and certified that all legal requirements have been duly complied with in providing for the construction of said sewers and the levying of said assessment and the issuance of this warrant, and that an abstract of this warrant has been entered in a register kept for that purpose in the office of the city clerk of Sapulpa, Okla."

Plaintiff further alleged that after the issuance of said tax warrants there was filed in the district court of Creek county, the case of Sapulpa Town Lot Co. v. City of Sapulpa and Ed Payne, in which the petition alleged that certain lots embraced in the sewer improvement district were outside of the city, and therefore were not subject to assessment, and that upon a final hearing thereof the district court issued a permanent injunction against the city of Sapulpa and Ed Payne, as county treasurer, enjoining them from collecting the sewer tax theretofore assessed against said property. Plaintiff alleged that it then requested the said defendant to reassess the property embraced in said district, which the defendant refused to do, and therefore it asks for a personal judgment against said defendant. The defendant contended that a city is not personally liable under such facts. Upon trial of the cause the trial court rendered judgment in favor of the defendant, from which judgment the plaintiff has appealed.

Several specifications of error are urged, but the plaintiff has argued all of the assignments under one head, to wit:

"The lower court erred in rendering judgment against the plaintiff below, in declining to render judgment against the city of Sapulpa for the full amount of the principal of the sewer warrants owned by plaintiff with interest, and in denying plaintiff's motion for new trial."

Plaintiff contends that section 471, R. L. 1910 (sec. 4408, C. O. S. 1921; sec. 6053, O. S. 1931), requires the city authorities to proceed to cause new assessment to be made in lieu of any invalid assessment theretofore made, and proceeds to quote authorities holding that where an assessment has been decreed to be invalid, and where the city, upon proper notice, fails to comply with the statute and reassess the property, said city is personally liable.

Plaintiff has called particular attention to the case of Oklahoma City v. Orthwein, 258 Fed. 190, and insists that the rule laid down in that case is binding on this court. Also, plaintiff cites authorities from other jurisdictions sustaining his position. However, the defendant relies upon the rule laid down by this court in the case of City of Enid v. Warner-Quinlan Asphalt Co., 62 Okla. 139, 161 P. 1092, and also contends that section 465, R. L. 1910 (sec. 4402, C. O. S. 1921; sec. 6047, O. S. 1931), which provides as follows:

"The cost of such district sewer shall be assessed and collected as hereinafter provided; but the city shall incur no liability for building district sewers, except when the city is the owner of a lot within the district, and in that case the city shall be liable for the costs of said sewer in the same manner as other property owners within the district", is controlling.

Since the briefs in this case have been filed, this court, in the case of Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94, in an opinion by Mr. Justice Swindall, reviews at length the ruling of the federal court in the Orthwein Case, supra, and makes an analysis of the authorities upon which the rule was predicated in said case, and refuses to follow it. In the same opinion is cited with approval the case of City of Enid v. Warner-Quinlan Asphalt Co., supra.

We think, under the facts in this case, that the cases of City of Enid v. Warner-Quinlan Asphalt Co., supra, and Severns Paving Co. v. Oklahoma City, supra, are controlling. In the case of City of Enid v. Warner-Quinlan Asphalt Co., supra, the facts substantially are that the city of Enid issued certain tax warrants for paving. It developed that part of the tax warrants were issued against the property of the federal government, which property was not assessable, and the holders of the certificates made a demand upon the city to reassess the benefits against the other property owners in said district. This the city refused to do, and the suit was instituted seeking a personal judgment against the said city. In that case the court said:

"A contractor is charged with knowledge of the law under which a contract for paving streets of a city may be entered into, and one who contracts to pave the streets of a city, in consideration of receiving assessments against abutting property of the streets paved, in payment of such paving, should, prior to entering into such contract, ascertain whether or not such assessments are enforceable, and upon failure to do so acts at his peril.

"He who deals with a municipality does so with the knowledge of its and its agents' powers, and if in contracting with a municipality one goes beyond the limitations imposed. he does so at his peril.

"Where a contract is entered into by a city for paving its streets, providing for the payment of such paving by assessments against the abutting property of the streets paved, and said contract also provides that the city shall be exempt from any direct liability on account of such paving, and upon completion and acceptance of such paving, the city delivers to the contractor the legally authorized and legally issued assessments and tax warrants for all of the paving done against the abutting property of streets paved, and a part of said assessments and tax warrants are against abutting property belonging to the United States, which assessments cannot be enforced, and which assessments are not paid, an action will not lie against said city to recover for a breach of said contract, the amount of such assessments as are against said property of the United States, alone upon the ground that such assessments against the property of the United States are not enforceable."

It was also contended in that case that the other property owners should be required to pay for the benefit accruing to the property of the United States, and in answer to this the court says:

"If the contention of the plaintiff be upheld as to the sufficiency of the petition, it will in effect subject the property of nonabutting owners to be charged with part of the costs of paving, other than paving of streets upon which their property abuts, by reason that the property of nonabutting as well as that of abutting owners would be taxed to create the fund to pay the judgment awarded; in our opinion, a result directly in conflict with the law of the contract under review."

Under our law, as we construe the statutes authorizing cities to create sewer districts, it is contemplated that the property owners shall pay for the cost of the construction of the same, and we are unwilling to ignore the section of the statute which prohibits the city from incurring liability by reason of the construction of the sewer in the sewer district. To permit the holder of the tax warrants to obtain a judgment for failure to reassess the property, would be, as was stated in the case just above cited, an attempt to do indirectly that which is prohibited by the statute. As was pointed out in Severns Paving Co. v. Oklahoma City, supra, the tax warrant holder's remedy is by mandamus rather than by seeking a personal judgment against the city.

For the reasons heretofore set out, the judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and McNEILL. JJ.. absent.