## WRIGHTSMAN v. STEVENSON et. al.

No. 23958.  Feb. 13, 1934.

Rehearing Denied March 13, 1934.

Christy Russell, for plaintiff in error.

A. J. Biddison, Allen, Underwood & Canterbury, and Paul Pinson, for defendants in error.

BUSBY, J. This action originated in the district court of Tulsa county. It comes to this court on appeal. The plaintiff in error was plaintiff in the trial court, and the defendants in error were defendants therein. For the sake of convenience, parties will be referred to as they appeared in the trial court.

The plaintiff, Edna Wrightsman, commenced this action on the 10th day of June, 1931, against the defendants R. Y. Stephenson, M. A. Snyder, and Carl Elmore (directors of water improvement district No. 8), the board of county commissioners of Tulsa county, Okla., W. L. North, J. W. Dickery,

Ed W. Hedgecock, O. G. Weaver, county clerk of Tulsa county, Okla., and Standard Paving Company, a corporation. As a property owner she contended that water improvement district No. 8 of Tulsa county was illegal, null, and void, because of alleged judicial defects in the proceedings by which it was undertaken to be created. Plaintiff likewise sought the cancellation of special assessments imposed upon her property to defray the cost of the improvements. She also prayed for injunctive relief to prevent bonds from being issued and the contemplated improvement from being constructed.

We shall subsequently refer in detail to a portion of the alleged jurisdictional defects upon which the plaintiff relies to recover.

The defendants, as one of several defenses to the action of the plaintiff, pleaded the statute of limitation. Under our view of this case, it is unnecessary that other defenses be considered.

At the hearing of the cause the trial court, on motion of the defendants, rendered judgment for the defendants on the pleadings and the opening statement.

In support of the decision of the trial court the defendants assert in their brief that "The plaintiff was barred by the special statute of limitation." In response to defendants' contention upon this point the plaintiff says:

"The position of plaintiff in respect to that is: That such limitation is applicable only when the municipality acquires jurisdiction to make the assessment, etc., and the validity of the assessment, etc., is attacked for mere irregularity and not upon jurisdictional ground; that where, as here, the attack is on jurisdictional ground, in consequence of which the attempted assessment, etc., is void, such short statute of limitations has no application and does not preclude attack."

The water improvement district in question was created under the provisions of chapter 145, Session Laws 1925 (secs. 13211 to 13239, inclusive, O. S. 1931). Section 25 of the act (sec. 13235, O. S. 1931) provides in part:

"No suit shall be sustained to be set aside any assessment or to enjoin the county commissioners or the board of directors of any water improvement district from levying or collecting any assessment or installment thereof, or interest or penalty thereon, or issuing the bonds, or providing for their payment, or contesting the validity thereof upon any ground, or for any reason, other than the failure of the board of directors to adopt and publish the resolution declaring the necessity for such improvements, and the publication thereof as provided in section 10 of this Act (13220) and the failure of the board of county commissioners to give notice of the hearing on the return of the appraisers unless such suit shall be commenced not more than fifteen (15) days after the publication of the resolution levying assessments, and no suit shall be sustained after the work has been completed and accepted by the board of directors of the water improvement district, except for failure to give * * * notice of the hearing on such return of the appraisers."

The proceedings to organize the improvement district and levy the assessment on the property included therein occurred in the years 1928 and 1929. This action was commenced in 1931. The 15 days' special statute of limitation constituted a bar to the action if that statute of limitation is applicable to this case.

Under the above-quoted statutory provision two classes of cases are excluded from its operation: First, cases based upon the failure of the board of directors of the water improvement district to adopt and publish a resolution declaring the necessity for the improvement. Second, cases based upon the failure of the board of county commissioners to give notice of hearing on the return of the appraisers. This case does not fall within either of those classes. Plaintiff does not allege that the resolution declaring the necessity of the improvement was not adopted and published nor that the board of county commissioners failed to give notice of hearing on the return of the appraisers.

Plaintiff, however, urges that the short statute of limitation does not apply in any case where jurisdictional defects in the attempted organization of the water improvement district exist. This contention is legally sound. It is supported by analogy by the decisions of this court construing the short statute of limitation providing for street improvement districts. (See section 6241, O. S. 1931, which is practically identical with the statute in the case at bar). Morrow v. Barber Asphalt Paving Co., 27 Okla. 247, 111 P. 198; Missouri, K. & T. Ry. Co. v. City of Tulsa, 45 Okla. 382, 145 P. 398; Flanagan v. City of Tulsa, 55 Okla. 638, 155 P. 542; Southern Surety Co. v. Jay, 74 Okla. 213, 178 P. 95; City of Muskogee v. Nicholson, 69 Okla. 273, 171 P. 1102. The plaintiff contends that the defects complained of in her petition are jurisdictional. We will therefore consider the alleged defects for the purpose of determining whether or

not the same are jurisdictional as distinguished from mere irregularities.

An excellent distinction between jurisdictional defects in the organization of a special improvement district which renders that proceeding or some part thereof void and subject to collateral attack, and an irregularity in the proceedings which can only be attacked directly in the manner prescribed by law, was stated by the Supreme Court of Maine, in the case of Cabbossee Nat. Bank v. Rich, 81 Me. 164, and later quoted with approval by this court in the case of St. Louis-S. F. Ry. Co. v. City of Wetumka, 136 Okla. 64, 276 P. 226. It was therein said:

"The difference between void proceedings and merely irregular proceedings is the difference between a wrongful act and a rightful act imperfectly or defectively done. The one is a wrongful act and the other a wrongful way of doing an act. In doubtful cases courts incline to treat defects as irregularities rather than as nullities."

In the case of Price v. Water District No. 8, 147 Okla. 11, 293 P. 1092 (which case involves a previous action in which the same district involved in this case was collaterally attacked). this court said in syllabus par. 4:

"An action in the district court to enjoin the levying of assessments against property in a water improvement district, to have a water improvement district declared to be nonexistent, to remove a cloud on property caused by the creation of a water improvement district. to enjoin the attempted levying of an assessment on property within a water improvement district and for other relief. which requires a review of the organization proceedings had before the board of county commissioners, is a collateral attack thereon and is controlled by the law relating to collateral attacks on judgments of courts."

In the body of the opinion we said, speaking through Mr. Justice Andrews:

"When the organization of a water improvement district is attacked in a collateral proceeding, the court may determine only two things: First, Did the board or tribunal designated by the statute have jurisdiction to act? and second, Did it act"

Since this action involves a collateral attack upon the formation of a water improvement district, are the several alleged defects relied upon by the plaintiff jurisdictional or mere irregularities?

The land embraced within water improvement district No. 8 was outside the corporate limits of any incorporated town. Pursuant to the requirement of section 13213.

O. S. 1931, a petition was filed with the board of county commissioners of Tulsa county, accompanied by a map of the proposed improvement district. That board determined that the petition was sufficient. The existence and validity of the improvement district was then collaterally attacked in an action commenced in the district court of Tulsa county on the theory that the petition was in fact insufficient. That case was brought to this court on appeal. This court affirmed the decision of the trial court in denying relief in that action. Price v. Water District No. 8 et al., supra.

The proposed territory to be included in the improvement district was considered by the board of county commissioners. That board found that portions of such territory would not be benefited by the proposed improvement district, and that other lands not originally included within the proposed district should be included on request of the owners. Accordingly the board of county commissioners by resolution excluded certain portions of the land within the proposed district and included other lands not formerly included within such district. The authority to act in this manner is derived from section 13214, O. S. 1931, which provides in part:

"The board of county commissioners shall have exclusive jurisdiction to hear and determine all protests to the creation of such district and all matters pertaining to the same. and at the hearing the board of county commissioners may amend the plan of such improvement districts by excluding from within its boundaries any lands which it may deem will not be benefited by the formation of such district. or by including other lands as a part of such district upon the application of the owners."

Plaintiff contends that notwithstanding the specific finding of the board that the lands excluded would not be benefited by the proposed improvement, the board in fact acted arbitrarily and excluded lands which would actually be benefited by the proposed improvement. The action of the board of county commissioners in excluding the land amounted to a decision of a matter properly before them, and an appeal from their decision was available by virtue of the provision of section 5834, C. O. S. 1921. O. S. 1931, sec. 7679. Price v. Water District No. 8. supra. No appeal was taken. We express no opinion as to whether the existence of the remedy of appeal precluded an original action in the district court within the time limit prescribed by section 13235, supra. If such an action were appropriate, if

should have been filed within the time limit therein provided. This action was not commenced within that time. While the plaintiff asserts in substance that she had no notice that the board would act arbitrarily, she does not claim a failure to give the notice required by section 13213. Neither does she assert that she was unable to perfect an appeal or file an action within the time required by law by reason of lack of knowledge or notice that the board would conduct the hearing and exercise the power contemplated by section 13214, supra. The board had the power to act. It did act. In acting it determined as a matter of fact that the excluded land would not be benefited by the improvement. The presumption is that its finding of fact was based upon a proper inquiry, and therefore the alleged arbitrary action of the board in excluding lands which should have been attached in the manner provided by law cannot be successfully attacked collaterally.

The plaintiff likewise asserts that the exclusion of the land previously included in the district and the inclusion of additional lands had the effect of dividing the proposed district into noncontiguous sections. The map attached to her petition supports this statement of fact. · She urges as a matter of law that a water improvement district cannot be created from different tracts of land not physically adjacent to each other. There is no statutory provision against the inclusion of noncontiguous lands in the same water improvement district. But the plaintiff contends that the general rule applicable to incorporating property in cities and towns should be applied to water improvement districts. The substance of that rule is that even in the absence of a statutory provision, noncontiguous tracts of land cannot be included in the same municipality. 19 R. C. L. 40; 43 C. J. 81. This rule is not applicable to a water improvement district created under the act in question.

Section 13213, O. S. 1931, provides in substance that the district may be comprised of all territory susceptible of being furnished water from a common source of supply, or combined sources of supply desiring to provide a common water distribution system. The unity contemplated by this system is a common distribution system. Sections 13214 and 13227. O. S. 1931, contemplate that only tracts of land benefited by the improvement may be included within the district and assessed. Reading and construing these respective sections together, it is apparent that the test in determining what lands may or may not be included within the same water improvement district, is whether the land is benefited by the proposed assessment and whether it may be served together with other lands in the district by a common distribution system. Contiguity is not a requirement of the statute. The exclusion of land not benefited may, as in the case at bar, have the effect of separating other tracts of land which are benefited. If the plaintiff's contention were sound, the board of county commissioners would be unable to exclude lands not benefited wthout destroying the proposed district in cases where such exclusion of land would result in the separation of tracts of lands, which are benefited and which are capable of being served by a common distribution system. We, therefore, conclude that plaintiff's contention that noncontiguous tracts of land cannot be included within the same district is without merit.

This conclusion and holding, however, is not to be construed to enable one district or neighborhood to force upon another neighborhood or district, entirely disconnected therewith, a water distribution system or the burdens of a water improvement district contrary to the will of the landowners of such latter district. Many questions concerning the propriety of excluding from or including lands within a water improvement district may be considered in a direct attack made in the manner provided by statute which are not a proper subject of discussion in this case.

It is likewise urged that a portion of the water distribution system to be constructed in connection with the district in question will be constructed outside of the district. Exhibits attached to plaintiff's petition disclose that in order for the common distribution system to furnish water to the lands within the district, the proposed distribution system crossed territory which is not included within the district. Plaintiff contends that this constituted construction of improvements outside the territorial boundaries of the district and is unauthorized as a matter of law. Obviously disconnected portions of the improvement district could not be served by a common distribution system wthout traversing intervening territory. The accomplishment of the purposes of the law would be impossible if the rule urged by the plaintiff were properly applicable to special assessment districts authorized under the act in question. In view of the conclusion already announced. to the effect that disconnected tracts of land may be incorporated within the same improvement districts, it must follow that this contention of the plaintiff is without merit. We so hold.

Plaintiff points out that within the territorial boundaries of the district as outlined by the board of county commissioners, and as approved by the qualified electors, is included a cemetery and some restricted Indian lands, which lands are not liable for the assessments placed against them.

The general rule is that restricted Indian lands are not subject to special assessments for improvements such as are involved in the case at bar. Stuckey v. Kays, 119 Okla. 227, 249 P. 416; Grotkop v. Stuckey, 140 Okla. 178, 282 P. 611; Board of Com'rs of Garvin County v. Dennis. 140 Okla. 204, 282 P. 457. The restricted Indian lands involved in this case, however, are not the property of the plaintiff. The proportionate benefits to be enjoyed by those lands are covered by the assessments made against them. The plaintiff cannot be heard to complain that the assessments made against those lands are involved, unless the burden of paying such assessments may in some way be imposed in whole or in part upon the lands owned by her. She contends that such assessments will ultimately be held invalid, and that a reassessment of the costs of the district will be made to distribute the burden imposed on the district by those lands to the other lands which may properly be assessed. The extent of the power to reassess is governed by the latter portion of section 12235, which provides:

"Provided, further, that in the event any special assessment shall be found to be invalid, or insufficient in whole or in part, for any reason whatever. the board of county commissioners may at any time upon request of the board of directors of the water improvement district in such manner provided for levying an original assessment proceed to cause a new assessment to be made and levied which shall have like force and effect as an original assessment."

This statutory provision in connection with special assessment districts was familiar to the law of this state long before the enactment of the law under consideration. It has for years been a part of our street improvement law. Section 6241, O. S. 1931, 4619, C. O. S. 1921, sec. 644, R. L. 1910 . A like provision is contained in the statutes relating to sewer districts. Section 6053, O. S. 1931, 4408, C. O. S. 1921, 471, R. L. 1910. The previous decisions of this court relating to the statutory provisions mentioned above are by analogy applicable to the case at bar. This provision for reassessment authorizes the reassessment of all the tracts of land within an entire district when the original assessment of all of the property within the district was for some reason invalid. City of Norman v. Allen, 47 Okla. 74, 147 P. 1002; City of Norman v. Van Camp et al., 87 Okla. 182, 209 P. 925. Similarly, where the assessments on a portion of the property within a district have been declared invalid, that portion may be reassessed. Okla. Ry. Co. v. Severns Paving Co., 57 Okla. 206, 170 P. 216. However, when the assessments on a portion of the property within an improvement district have been declared invalid, the portion of the burden which could have been borne by that property cannot by means of reassessment be charged to the other property within the district against which original valid assessments still stand. Oklahoma City v. Eastland, 135 Okla. 155, 274 P. 651. In the case of Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94, at page 96, Mr. Justice Swindall, speaking for this court, said (referring to the holding in the Eastland Case) :

"The resulting loss could not be thrown upon the other properties by double assessment."

The statutory provision in question authorizes a reassessment of property within the district on which the original assessment has been declared void. It does not authorize a double or supplemental assessment of other property in the district. To hold otherwise would, in effect, make the special assessment bonds general obligations of the improvement district, and make every piece of property therein potentially chargeable with the full payment of all bonds. Such a result was not contemplated by the Legislature, and cannot be inferred by the act.

The fact that holders of special assessment bonds may suffer a loss does not militate against this holding. The law existing at the time the bonds were issued is a part of their contract, and they are bound thereby. The previous expressions of this court concerning the uncertainty of payment of such bonds when property within a district is not properly assessable, have been clear. In the case of City of Enid v. Warner-Quinlan Asphalt Co., 62 Okla. 139, 161 P. 1092, this court said (referring to an assessment for paving on a government building) :

"A contractor is charged with knowledge of the law under which a contract for paving streets of a city may be entered into and one who contracts to pave the streets of a city, in consideration of receiving assessments against abutting property of the streets paved, in payment of such paving, should. prior to entering into such contract,

ascertain whether or not such assessments are enforceable, and upon failure to do so acts at his peril."

The same warning was reiterated in the recent case of Guarantee Title & Trust Co. v. City of Sapulpa, 164 Okla. 271, 23 P. (2d) 629. Prospective purchasers of special assessment bonds should not take such bonds in the face of such warnings and later expect other property owners within an improvement district to bear the burdens of their neighbors.

The plaintiff in this case cannot complain of the alleged illegal assessment against restricted Indian land. If such assessment is later declared void, an additional or sup. plemental assessment against her land cannot be made to pay this shortage. Furthermore, an opportunity was afforded the plaintiff to appear before the board of county commissioners for the purpose of raising and urging this or any other objection to that body at the time the district was organized. She neither did this nor did she commence an action attacking the proceedings upon this ground. She cannot now urge such objection on a collateral attack.

Herein we have specifically considered the principal objections urged by the plaintiff to the manner in which the improvement district was created. There are other objections set forth in the briefs, but an examination thereof discloses that they are wholly insufficient either to render the formation of the district void or to invalidate the assessments against the property of the plaintiff. Among others things plaintiff contends that the improvement district has been abandoned. The record does not support this contention. Viewed in the most favorable light, from the standpoint of the plaintiff, these alleged defects are mere irregularities and do not constitute a basis for a successful collateral attack. Judgment of the trial court is affirmed.

RILEY. C. J. CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.