## BOARD OF COUNTY COM'RS OF KIOWA COUNTY et al. v. KIOWA NAT. BANK OF SNYDER.

No. 24249.   Nov. 26, 1935.

Geo. L. Zink, W. A. Bolding, Co. Atty., and Herman S. Davis, Co. Atty., for plaintiffs in error.

Bailey & McLaury, for defendant in error.

PHELPS, J.   Prior to April 1, 1910, the county commissioners of Kiowa county, pursuant to the laws then existing, formed and organized Otter creek drainage district within the territorial limits of Kiowa county. With the organization of the drainage district, contracts were let and the work contemplated was performed, in payment for which, as the same progressed, the county commissioners caused their warrants to be issued on the various funds then in the hands of the treasurer of Kiowa county.

The project having been completed and

paid for by warrants thus issued, the county commissioners issued their ten-year bonds, to the number of 31, in the aggregate amount of $17,500, and delivered the same to the Farmers & Merchants Bank of Snyder, Okla., which bank had paid the various warrants issued by said board of county commissioners as they were presented by the parties to whom they were issued, and by such exchange took up said warrants. Assessments were levied against the property embraced in the drainage district and collections made and all bonds paid with the exception of bonds numbered 28, 29, 30, and 31, aggregating the total amount of $4,500, due on April 1, 1920.

When the above-mentioned bonds fell due and there was no money on hand to pay them, it was then discovered that the assessments levied and collected against the property benefited by the project was insufficient to equal the amount of the bonds issued. $2,038.01 of this delinquent amount was due to the fact that this amount was levied against untaxable Indian lands, and the court's judgment recited that "the cause of further shortage in the fund is not easily discernible from the record." The Farmers & Merchants Bank of Snyder, while the holder of the bonds here in question, was, with all its assets, taken over by the State Bank Commissioner and these bonds were afterward sold to the Kiowa State Bank of Snyder, Okla.

In the meantime a portion of the territory embraced in the Otter creek drainage district was detached from Kiowa county and attached to Tillman county. The bonds not having been paid, suit was brought in the district court of Kiowa county, in which judgment was sought against both counties. Before the cause was disposed of, the remainder of the territory embraced in the drainage district was detached from Kiowa county and attached to Tillman county. The district court of Kiowa county rendered judgment for the plaintiff, from which appeal was taken to this court (Board of Commissioners v. Kiowa National Bank, 141 Okla. 271, 284 P. 634), and this court held that, the entire area covered by the Otter creek drainage district having been detached from Kiowa county, the district court of that county had no jurisdiction and remanded the cause to the district court of Kiowa county with instructions to transfer the cause to the district court of Tillman county. In the meantime the Kiowa National Bank became the owner of all the assets of the Kiowa State Bank and was substituted as plaintiff, and the drainage district and drainage commis-

sioners were made additional parties defendant.

Upon trial of the cause in the district court of Tillman county, judgment was rendered against Kiowa county for the sum of $632.23, with interest, this being the amount of money the evidence showed remained in the hands of Kiowa county from the collected assessments against the drainage district, and judgment was rendered against Tillman county for the sum of $199.57, the amount shown to have been collected by Tillman county. The court further found that the plaintiff was entitled to recover $2,038.01, the amount assessed against the Indian lands, and issued its peremptory writ of mandamus directing the board of county commissioners of Tillman county to take the necessary steps and levy additional assessments against the property of the drainage district in order to raise said amount, and held that these amounts were all that plaintiff was entitled to recover.

From this judgment the defendants appeal.

It was the contention of plaintiff in the trial court, and as defendant in error it is its contention here, that in view of the fact that the county commissioners failed to take steps to cause a reassessment of the property benefited by the drainage district to provide the funds for satisfying the unpaid balance due on the bonds, the counties themselves became liable, and it asked for judgment against the counties.

The trial court declined to take that view of the case and held that the counties were not individually liable except in so far as the two counties involved had in their possession funds which had been collected for the drainage district from the assessments levied upon the property.

In Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94, this court had a similar question before it, under a different statute, however, but there is similarity in the questions presented in the points of law involved, and in the 4th paragraph of the syllabus we said:

"Paving bonds cannot be enforced against city issuing same as debt, nor as measure of damages either in action ex contractu or in action ex delicto, for neglect, delay, or refusal to assess or reassess property."

In Guaranty Title & Trust Co. v. City of Sapulpa, 164 Okla. 271, 23 P. (2d) 629, in the 2d paragraph of the syllabus we said:

"That city making improper sewer district

assessment fails, after demand, to make proper assessment, does not entitle holder of tax warrants to personal judgment against city; proper remedy being by mandamus."

We therefore conclude that the district court of Tillman county committed no error in refusing to render judgment against the counties for their failure to collect, for the account of the drainage district, sufficient funds to pay the bonds, neither did it commit error in rendering judgment against the counties for the amount they had collected and had on hand which had not been applied to the payment of the bonds. The counties were acting somewhat in the capacity of trustee and had no right to withhold these funds, but they should be applied toward liquidating the outstanding bonds.

It is our conclusion, however, that the trial court did err in that part of its judgment requiring the county commissioners to levy an additional assessment against the property already properly assessed for the purpose of paying that amount which could not be collected because of the fact that it had been levied against nontaxable Indian lands. This conclusion is reached after an examination of the case of Wrightsman v. Stevenson, 168 Okla. 63, 33 P. (2d) 499, and the authorities therein cited. In that case we had under consideration assessments imposed for the improvement of, not a drainage district, but a water improvement district, and the statutes pertaining thereto are very similar, and in discussing that question, we said:

"Plaintiff points out that within the territorial boundaries of the district as outlined by the board of county commissioners and as approved by the qualified electors is included a cemetery and some restricted Indian lands, which lands are not liable for the assessments placed against them.

"The general rule is that restricted Indian lands are not subject to special assessments for improvements such as are involved in the case at bar. Stuckey v. Kays, 119 Okla. 227, 249 P. 416; Grotkop v. Stuckey, 140 Okla. 178, 282 P. 611; Board of Commissioners of Garvin County v. Dennis, 140 Okla. 204, 282 P. 457. * * *

"However, when the assessments on a portion of the property within an improvement district have been declared invalid, the portion of the burden which should have been borne by that property cannot by means of reassessment be charged to the other property within the district against which original valid assessments still stand. Oklahoma City et al. v. Eastland, 135 Okla. 155, 274 P. 651. In the case of Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94,

at page 96, Mr. Justice Swindall, speaking for this court, said (referring to the holding in the Eastland Case):

"'The resulting loss could not be thrown upon the other properties by double assessment.' * * *

"The fact that holders of special assessment bonds may suffer a loss does not militate against this holding. The law existing at the time the bonds were issued is a part of their contract and they are bound thereby. The previous expressions of this court concerning the uncertainty of payment of such bonds, when property within a district is not properly assessable, have been clear. In the case of City of Enid v. Warner-Quinlan Asphalt Co., 62 Okla. 139, 161 P. 1092, this court said (referring to an assessment for paving on a government building): 'A contractor is charged with knowledge of the law under which a contract for paving streets of a city may be entered into, and one who contracts to pave the streets of a city, in consideration of receiving assessments against abutting property of the streets paved, in payment of such paving, should, prior to entering into such contract, ascertain whether or not such assessments are enforceable, and upon failure to do so acts at his peril.'"

Plaintiffs in error contend that the bonds should not have been paid for the reason that they were not sold according to the strict provisions of the statute. These bonds were issued under and according to the provisions of section 25 of the Laws of 1907-08, c. 30, art. 1, as amended by section 8 of the Sess. Laws of 1909, c. 15, which was brought down to and made a part of section 13035, O. S. 1931, said statute providing that after the issuance of such bonds the county commissioners may direct the sale thereof, but that they shall not be sold for less than based par value and accrued interest, and providing, further, that as soon as said bonds were sold the proceeds from such sale shall be paid to the county treasurer and credited to the account of the drainage district.

In the instant case it appears that this provision of the law was not technically followed, but that when the bonds were issued the county commissioners delivered them to the Farmers & Merchants Bank, in exchange for the warrants held by the bank and theretofore issued by the county commissioners to defray the expenses of the construction of the drainage ditch.

We cannot recommend this method of handling the sale of these bonds, and it is not the intention of this court to place the stamp of approval upon the manner in which the county commissioners handled the trans-

action in the face of a plain provision of the statutes directing every step of the procedure, but we call attention to the fact that this drainage district was organized very soon after statehood; at a time when the procedure was not as well settled as it has since become. These bonds were issued on April 1, 1910, and 27 of them paid in full and the interest coupons on the four remaining bonds were regularly paid. They fell due on April 1, 1920, and suit was filed to enforce the payment on March 21, 1922. There is no accusation or even hint that there was any fraud or dishonesty in the transaction, nor that the drainage district did not get the full value for the assessments made to pay the bonds. Under all of the circumstances, it occurs to us that when the trial court found that the bonds should be paid, there would be little reason for us to reverse that decision upon what, in effect at least, would be a mere technicality.

In City of Bardwell v. Southern Engineering & Boiler Works, 130 Ky. 222, 113 S. W. 97, the court used the following language:

"The purpose of the Constitution is not to enrich municipalities at the expense of innocent people who deal with them, and, when they repudiate their bonds, they must act honestly."

Again, in the Supreme Court of the United States, in Chapman v. County of Douglas, 107 U. S. 348, it was said:

"The city is not exempted from the common obligation to do justice which binds individuals. Such obligations rest upon all persons, whether natural or artificial. * * *"

The above-quoted language may be properly used here, particularly in the absence of any fraud or dishonesty, and particularly where this objection is made more than ten years after the transaction, during which time the interest coupons were regularly paid, and the counties, by their conduct, had waived whatever irregularities that may have existed in the issuance and sale of the bonds.

The judgment of the trial court against Tillman and Kiowa counties is therefore affirmed, in so far as it applies to the moneys collected by the two counties and on hand as shown by the record, and as hereinbefore set out, and that part of the judgment requiring assessments to be made to make up the deficiency caused by the unpaid assessment against the untaxable Indian land, is reversed and the cause is remanded to the district court of Tillman county, with instructions to proceed in accordance with the views herein expressed.

McNEILL, C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. WELCH, J., concurs in conclusion. OSBORN, V. C. J., and RILEY, J., not participating.