## TRINGALI v. BOARD OF COUNTY COMMISSIONERS OF POTTAWATOMIE COUNTY, OKLAHOMA.

### No. 3863.

United States Court of Appeals
Tenth Circuit.

July 18, 1949.

E. F. Maley, Okmulgee, Okl., and Sam S. Gill, Oklahoma City, Okl., for appellant.

Shelton Skinner, Shawnee, Okl. (Earl P. Enos and John L. Green, Shawnee, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

The Deer Creek Drainage District No. 4 of Pottawatomie County, Oklahoma, was duly created under applicable statutory law of Oklahoma. Thereafter, on December 22, 1927, the District issued 40 bonds, numbered 1 to 40, inclusive, for the purpose of defraying the costs of organizing such District and the original cost of a drainage ditch through the District. Each of the bonds had coupons attached to it covering the interest to become due and payable on the principal thereof until its maturity. Bonds numbered 34 to 39, inclusive, of the denomination of $1,000 have not been paid. Lucy Tringali brought this action against the Board of County Commissioners of Pottawatomie County alleging she was the owner of such unpaid bonds and sought a judgment for the principal amount of such bonds, with interest at 6 per cent per annum from December 22, 1937, and for a mandatory injunction requiring the Board of County Commissioners to levy assessments upon the property in the District found to be benefited by the construction of the improvement sufficient to pay the judgment, with interest and costs.

The trial court found that the bonds in suit were, in fact, owned by Joe Zanti, father of Tringali, and that he was the real party in interest, and dismissed the action.

The evidence with respect to the ownership of the bonds consisted of the testimony of Tringali, given by deposition, and certain letters written by her attorney, E. F. Maley, before the commencement of the instant action. Two members of the court are of the opinion that, in the light of that evidence and the inferences reasonably deducible therefrom, the finding of the trial court that Tringali was not the owner of the bonds is not clearly erroneous.

However, if we be wrong in that conclusion, Tringali was not entitled to the relief which she sought for the reasons we shall presently point out.

 From a written stipulation filed by the parties in the trial court, these facts appear: Sufficient assessments were made against the property in the District to pay the principal and interest of the bonds as such obligations matured. However, three assessments, one against a railway company, one against a telephone company, and one against a pipe-line company, were void under the holding of this court in Sinclair Refining Corporation v. Burroughs, 10 Cir., 133 F.2d 536, and decisions of the Supreme Court of Oklahoma, therein cited, and were not collected. Otherwise, there would have been sufficient funds to pay and retire the bonds and the accrued interest thereon. In Board of County Com'rs of Kiowa County v. Kiowa Nat. Bank of Snyder, 175 Okl. 3, 52 P.2d 777, 779, and Barrett v. Board of County Com'rs of Tulsa County, 185 Okl. 111, 90 P.2d 442, 445, the Supreme Court of Oklahoma held that where certain drainage assessments were void, resulting in a deficiency in the fund derived from assessments to pay bonds issued by the district, reassessments could not be made against other lands within the district, against which valid original assessments had been made, for the purpose of providing additional funds to pay outstanding bonds. It is true that § 13028, O.S.1931, 82 Okl.St. Ann. § 401, provides that when a final judgment has been rendered in any federal court based on drainage district bonds, no execution shall issue upon the judgment, but that a tax shall be levied upon all the "lands, properties, and corporate bodies theretofore found to be benefited and assessed for the construction of the improvement of such drainage district, sufficient to pay such judgment, interest thereon and costs, and same shall be collected as other taxes, and when collected shall be paid by the county treasurer to the judgment creditor," and that we bottomed our decision in Board of Commissioners of Oklahoma County v. Board of Finance of Methodist Episcopal Church, South, 10 Cir., 100 F.2d 766, on

that statute. But the Kiowa County case and the Barrett cases came down after our decision, and in the Barrett case, the Supreme Court of Oklahoma held that § 13028, supra, was a local or special law prohibited by, and void under, § 46 of article V of the Oklahoma Constitution. It follows that additional assessments may not lawfully be made against other land in the District, against which valid and proper original assessments had been made, for the purpose of providing a fund to pay the bonds in suit or any judgment rendered thereon.

Affirmed.